C. B. WRIGHT, Plaintiff-Appellee,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellant.

No. 78–1792

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1978.

Phillip W. Gilbert, Fort Worth, Tex., for defendant-appellant.

Jacobs & Taylor, Joe D. Taylor, Kelly P. Jacobs, Fort Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is whether the trial court erred in refusing to admit certain deposition testimony. This is a worker's compensation case in which the

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

deposition testimony of plaintiff's physician that the disputed accident was the "triggering factor" in plaintiff's permanent disability was crucial for plaintiff's recovery. On cross-examination in the same deposition, defendant's attorney asked the doctor whether plaintiff's prior arthritis and gout would have permanently disabled plaintiff even without the disputed injury. The physician apparently answered that plaintiff would be permanently disabled even if the work-related injury had not occurred. Plaintiff's motion in limine to exclude this cross-examination was granted and plaintiff's attorney objected both times defendant offered the testimony into evidence during the trial. After asking defendant's attorney for some authority supporting the admission of the evidence and receiving no such authority, the trial court excluded the evidence. Plaintiff received all relief requested and defendant appeals.

▮ Because the trial judge had granted plaintiff's motion in limine to exclude this testimony, when defendant offered it into evidence, he was well aware of the objections against it. When the judge asked for authority for admitting the evidence, however, defendant ignored the request. It is a well-accepted rule that "[a]n appellate court will not review actions of omission or commission by a trial court unless the defendant makes known to the court the action which he desires the court to take or his objection to the action taken by the court and the grounds therefor." *United States v. Thomas*, 429 F.2d 407, 408 (5 Cir. 1970). This rule has been codified in the federal rules. Fed.R.Civ.P. 46; Fed.R.Evid. 103(a)(2). *See also* Advisory Committee Notes to Fed.R.Evid. 103(a); 21 C. Wright & K. Graham, Federal Practice & Procedure § 5040 (1977). Defendant's vague protestations against excluding the evidence were insufficient to assist the trial judge in making a rational determination of its admissibility. The fact that the excluded testimony was given on cross-examination is irrelevant. The arguments for a more relaxed requirement of an offer of proof on cross-examination, *see* C. Wright & K. Graham, *supra*, at 221, are inapplicable when, as in this case, the evidence is deposition testimony, counsel is forewarned of the objection, and the trial judge specifically requests that counsel provide support for admitting the evidence. Defendant's failure to provide this support when requested by the trial judge precludes it from now arguing for admission of the evidence.

▮ An additional reason to affirm the trial court is the confusing and misleading nature of the testimony. The question was asked in the form of a double negative and after asking counsel to repeat the question, the expert replied, "I would be doubtful." On redirect, plaintiff's attorney referred to the prior questioning and again asked the doctor if the accident was a factor in causing plaintiff's disability. The doctor answered that it was. Because of the extremely complicated nature of defendant's question and the ambiguous answer, the trial judge may have concluded that the testimony should be excluded because its probative value was substantially outweighed by its danger of misleading the jury. Fed.R.Evid. 403. This is a question of legal relevance, a matter on which the trial judge has wide discretion, and which the appellate court will not reverse unless the trial judge has clearly abused his discretion. *United States v. Johnson*, 558 F.2d 744 (5 Cir. 1977), *cert. denied*, 434 U.S. 1065, 98 S.Ct. 1241, 55 L.Ed.2d 766 (1978).

The judgment is AFFIRMED.