609 P.2d 597

**Walter BATES and Enid Y. Bates, husband and wife, Plaintiffs/Appellants,**

v.

**The ESTES COMPANY, a division of Singer Housing Company, an Arizona Corporation, Defendant/Appellee.**

**No. 2 CA-CIV 3285.**

Court of Appeals of Arizona, Division 2.

March 18, 1980.

Stephen Paul Barnard, Tucson, for plaintiffs/appellants.

Michael J. Vingelli, Tucson, for defendant/appellee.

OPINION

HATHAWAY, Chief Judge.

Appellants brought suit against appellee alleging breach of a contract to sell certain real property to appellants. After a jury trial, a verdict was returned in favor of appellants. The verdict was unsatisfactory to appellants. On appeal, appellants contend the matter should be remanded for a new trial because (1) evidence of settlement negotiations was erroneously admitted, (2) the verdict was contrary to the court's instructions, and (3) the verdict was not justified by the evidence.

On March 29, 1974, appellants entered into a contract with appellee to purchase a lot with a townhouse to be constructed thereon for a total price of $20,534. No completion date was specified, but appellants were told they could expect completion within six to eight months. In December 1974, construction had not begun on the townhouse and appellants were advised that it was not going to be built. Appellants received a letter from appellee, dated January 28, 1975, enclosing a refund check for appellants' deposit and advising that they

were released from the contract. Subsequently, appellants' attorney directed a letter to appellee dated April 8, 1975, setting forth specific demands of appellants. The letter, Defendant's Exhibit A, stated:

"It is my understanding that if these demands are met that my clients shall not enforce those rights to that purchase contract . . . ."

Appellants contend the letter was an offer to compromise and was improperly admitted into evidence. 17A A.R.S., Rules of Evidence, rule 408. Exclusion of evidence involving compromise is to encourage settlement. The trial court overruled appellants' objection, explaining:

" * * * I considered that very problem when I ruled to admit the letter; but, the reason the letter was admitted, and the reason I'm going to permit it to stay in the record is it clearly and unequivocally controverts the testimony that the plaintiffs have both given here today in open court."

Appellee argues that admission of the letter was proper for the purpose of impeachment. *Reichenbach v. Smith*, 528 F.2d 1072 (5th Cir. 1976). Although wide discretion is vested in the trial court in the admission of such evidence, *Wright v. Hartford Accident & Indemnity Co.*, 580 F.2d 809 (5th Cir. 1978), we do not agree that it controverted Walter Bates' testimony. (The transcript submitted on appeal is of the cross-examination of Walter Bates. The parties agree that our consideration of his testimony fairly discloses the basis for the trial court's ruling.)

Appellants argue that the agreement was offered to show appellants' intent not to buy the subject property. On the contrary, as disclosed in the above quote from Defendant's Exhibit A, appellants' rights to enforce the purchase contract were made contingent upon the meeting of their demand specified in the letter. Otherwise, the letter appears neutral on the question of appellants' demand for performance by appellee, the reason given for its admission. The letter, being an offer of settlement and no legitimate purpose appearing for its ad-mission, should have been excluded. Since it was not, we reverse the judgment and remand for a new trial. In view of our holding, consideration of the other questions is unnecessary.

Reversed and remanded.

HOWARD and RICHMOND, JJ., concur.