**NOEL SHOWS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 81–5689.**

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1983.

---

328

James A. Martin, Jr., McMullen, Everett, Logan, Marquardt & Cline, Clearwater, Fla., for plaintiff-appellant.

Glenn L. Archer, Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Thomas M. Preston, Tax Division, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TJOFLAT, VANCE and CLARK, Circuit Judges.

PER CURIAM:

Noel Shows (the plaintiff) is the inventor, manufacturer and owner of a coin activated amusement device called the "Bulldozer." The Internal Revenue Service (the defendant) classified the Bulldozer as a "gaming device," and levied an excise tax of $14,625 against plaintiff, pursuant to 26 U.S.C. §§ 4461 and 4462, which provided in part [1]:

§ 4461(a) In General—There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occu-

1. 26 U.S.C. §§ 4461 and 4462 were repealed in 1980, which is of no consequence in this case, inasmuch as the tax was assessed and plaintiff's action commenced prior to that date.

pied by him, a coin operated gaming device (as defined in section 4462) ... § 4462(a) In General—For purposes of this subchapter, the term "coin-operated gaming device" means any machine which is—(1) a so-called "slot" machine which operates by means of the insertion of a coin, token, or similar object and which, *by the application of the element of chance,* may deliver, or entitle the person playing or operating the machine to receive, cash, premiums, merchandise, or tokens ...

(emphasis added). In October of 1979, plaintiff filed suit in the Middle District of Florida to recover the tax paid, alleging that Bulldozer was not a gaming device taxable under the statute, because it did not involve "application of the element of chance."

Before trial, the parties signed and the magistrate approved a stipulation to admit into evidence, among other things, a patent that plaintiff had obtained on the Bulldozer game. In the document, the patent office discussed the skill involved in playing Bulldozer, noting that other, previously developed games were games "primarily of chance rather than skill," but that Bulldozer "increases the ability to win by the use of skill rather than chance and which overcomes the other shortcomings of the prior art ..." District Judge Ben Krentzman nevertheless declined to admit the patent, pursuant to Rule 403 of the Federal Rules of Evidence, concluding that such evidence was cumulative and would confuse the jury to an extent offsetting whatever minimal probative value it might have. The jury ultimately rendered a verdict in favor of the government, and plaintiff has appealed to this court.

■ The principal issue before us is whether the trial court erred in excluding the patent from evidence under FRE 403. In undertaking such a review, it is important to keep in mind that the trial judge has wide discretion in rendering FRE 403 rulings, and will be reversed on appeal only if there has been a clear abuse of that discretion. *Wright v. Hartford Accident &*

*Indemnity Company,* 580 F.2d 809, 810 (5th Cir.1978).

■ Rule 403 of the Federal Rules of Evidence provides that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A precondition to exclusion of evidence under Rule 403 is that it be otherwise relevant, or to use Rule 401's definition of relevance, that it have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." If it is not relevant, the evidence is inadmissible under FRE 402, and Rule 403 never comes into play. In this action, the taxability of the Bulldozer game hinged upon whether it involved a "substantial element of chance." *United States v. Twenty-Eight "Mighty Payloader" Coin Operated Gaming Devices,* 623 F.2d 510, 515 (8th Cir.1980). Noel Shows sought to introduce the patent, first to support its contention that the game did not involve a substantial element of chance, and second to rebut the government's expert witness, who testified that Bulldozer was similar in significant respects to previously developed games, all of which involved a substantial element of chance. The patent office's observation that Bulldozer "increases the ability to win by the use of skill rather than chance," and thereby "overcomes the other shortcomings of the prior art," at least arguably tends to make it less probable that the game involved a substantial element of chance and likewise less probable that the game is significantly similar to games previously developed.

■ While the patent may meet the minimal criteria necessary to be relevant, Rule 403 permits exclusion of such evidence if it would confuse the issues, mislead the jury or waste time to an extent substantially outweighing its probative value. The trial

court assessed the probative value of the patent as minimal, and we conclude that the trial court acted within its discretion in so determining.

The patent observes merely that Bulldozer involves more skill and less chance than prior art. To say that the game involves less chance is all but unresponsive to the question of whether the element of chance nevertheless remains substantial. The patent also notes that Bulldozer involves more skill than two previously developed games —Crompton's Penny Falls and Crompton's Cake Walk. At trial, the government's expert acknowledged that his opinion that Bulldozer involved a substantial element of chance was to some extent preformed by his experience with "similar games," naming "Mighty Payloader" as one. The probative value of the patent to rebut the witness' statement that Bulldozer was substantially similar to previously developed games is again marginal, apart from the fact that the witness' statement was at best remotely relevant to begin with, because there is no assurance that the games forming the basis of comparison in the patent are the same as those referred to by the witness.

Balanced against limited probative value is Judge Krentzman's concern that comparison of the relative skill involved in Bulldozer vis-a-vis other games was likely to confuse the central issue, which was whether this game, not as compared to other games but standing alone, involved a substantial element of chance. Moreover, the evidence was cumulative to the extent it was introduced simply to show that the game involved an element of skill, for not only plaintiff's witnesses but the government's as well testified that the game did require some degree of skill. We therefore hold that the trial court's ruling that the patent must be excluded under FRE 403, because its confusing and cumulative effect substantially outweighed its probative value, does not constitute a clear abuse of discretion.

■ The fact that the parties had stipulated to admission of the patent does not affect the result. A stipulation by the parties to a lawsuit as to questions of law is not binding on the trial court. *United States v. One 1978 Bell Jet Ran. Helicopter*, 707 F.2d 461 (11th Cir.1983). The question of whether evidence should be admitted is a matter of law for the trial court to determine, and that determination is not restricted by the stipulation of the parties. *C.B. Wright v. Hartford Accident & Indemnity Co.*, 580 F.2d 809, 810 (5th Cir.1978).

■ The plaintiff's second argument concerns the following instruction given by the trial court to the jury:

> The question is not whether it is a game of skill or a game of chance. There may be some skill involved in obtaining the desired result when operating the game, but that is not determinative. If there is a substantial element of chance involved, then it is a coin operated gaming device.

Plaintiff insists that this instruction was improper, in that it foreclosed the jury from considering whether the game was one of skill in determining if it involved a substantial element of chance. This argument is without merit. The law is well settled that games are taxable under 26 U.S.C. §§ 4461 and 4462 insofar as they involve a substantial element of chance, "although skill may have had some part in playing them successfully." *United States v. Korpan*, 354 U.S. 271, 273–74, 77 S.Ct. 1099, 1101, 1 L.Ed.2d 1337, 1339–40 (1957). The judge quite correctly instructed the jury that the issue is not whether the game is to be characterized on the whole as one of skill or chance, because even if skill predominates, the element of chance may remain sufficiently substantial to authorize taxation under the statute. For the foregoing reasons, the judgment of the trial court is AFFIRMED.

VANCE, Circuit Judge, dissenting.

I do not differ with the majority on its two central conclusions in connection with the exclusion of the patent: (1) such exclusion *ordinarily* would be a proper exercise of the district court's authority under Rule 403 of the Federal Rules of Evidence; and (2) parties cannot by stipulation bind a trial

judge on questions of law. In my view, however, these principles do not control the question before us.

The essential facts are these: (1) government counsel stipulated that the patent would be received in evidence; (2) that stipulation (as part of a comprehensive pretrial stipulation) was approved by the court; (3) in the face of that stipulation government counsel objected to the patent; and (4) the trial court sustained the objection.

It is true that the trial court prodded government counsel:

> THE COURT: [EXHIBIT] Six, would you like objections?
>
> MR. SMITH: No, Your Honor.
>
> THE COURT: Well, why not?
>
> MR. SMITH: Okay. Six is the patent. We would object. It has a narrative in it.
>
> We object on the basis of—

When asked "why not?," the correct answer—and in my view the only ethical and honorable answer—was "because the government already has stipulated that it will be received."

The majority's treatment presents the issue as if it were a straightforward rejection by the trial court of an agreement by counsel in exercise of the court's authority under Fed.R.Evid. 403. As it comes to us the question more precisely involves the sustaining of a government objection to evidence the admission of which it had already stipulated with court approval. The latter question cannot be resolved by principles that control the former.

The government is bound by its own court approved stipulations. We have held, for example, that once the government with court approval stipulates to the fourth amendment standing of a defendant, it is precluded on appeal from challenging the defendant's standing. *See United States v. Hernandez,* 668 F.2d 824, 826 (5th Cir. Unit B 1982).

I would hold that under the circumstances of this case the trial court's sustaining of a government objection made in clear violation of its own agreement compels reversal.