United States Court of Appeals,

Eleventh Circuit.

No. 96-4889.

G.I.C. CORPORATION, INC., Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Sept. 17, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-168-Civ-Kehoe), James W. Kehoe, District Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

We affirm judgment for taxpayer G.I.C. Corporation, Inc. on its refund claim for a loss due to a sale of assets in 1984 and against the Commissioner on its tax deficiency counterclaim. The district court correctly decided the issues before it, and the Commissioner has waived consideration of the separate issue of the validity of the sale under Florida law by failing to properly present that issue to the district court.

In its 1984 tax return, G.I.C. took a $7,229,948 capital loss deduction based upon the sale of three of its subsidiaries. In 1987 and 1988, G.I.C. filed amended tax returns seeking a refund of the $1,580,818 it had paid in 1984, based on operating losses it suffered in 1985 and 1986. The refund request prompted the IRS to reevaluate G.I.C.'s 1984 return and to question the validity of its 1984 capital loss deduction for the $7,229,948 asset sale. After a series of decisions, the Commissioner ultimately disallowed the deduction. In 1995, G.I.C. filed this action for a refund. The Commissioner then filed a notice of deficiency in the amount of $1,474,822 representing the additional 1984 taxes owed by G.I.C. as a result of the disallowance of the capital loss deduction. The Commissioner counterclaimed for the deficiency in this refund action.

The Commissioner challenged the 1984 capital loss sale on two grounds: (1) if there was a sale at all, G.I.C. had retained the option to repurchase the stock on the same terms, and, thus, the

capital loss deduction should be disallowed as a "wash sale" under Internal Revenue Code section 1091, and (2) there was no valid sale of stock in the three subsidiaries in 1984.

In their joint pretrial stipulation, the parties framed two issues to be tried by the district court and agreed on the law to be applied as to each issue, as follows:

6. Issues of fact that remain to be litigated at trial, which may in part be also issues of law, are:

a. As to the applicability of the wash sale rule, whether it was J.E.D. Corp. who had the option to sell the subsidiaries back to G.I.C. Corp. or whether G.I.C. Corp. had the option to buy them back.

As to this issue, the parties' next paragraph agreed on the law as follows:

7. Issues of law on which there is agreement:

a. If it was J.E.D. Corporation that had the option to sell the subsidiaries back, there was no wash sale. If G.I.C. Corporation had the option to buy the subsidiaries back, then the sale was a wash sale.

The district court found as a fact that the J.E.D. Corporation had the option to sell the subsidiaries back, so under the stipulation there was no wash sale that would deprive G.I.C. of the loss if there was a sale. The decision on this point is not appealed.

As to whether there was a sale, the parties stipulated at 6(b) the second issue of fact to be litigated, as follows:

As to the propriety of taking the capital loss in 1984, whether the sale of the subsidiaries was subject to a condition precedent or a condition subsequent.

Then as to the applicable law, the parties agreed at 7(b):

If the requirement of court approval was a condition subsequent, then a sale occurred. If the requirement was a condition precedent, it was not.

This issue turned on the fact that the fifty-percent-each shareholder husband and wife were involved in divorce proceedings, at total odds with each other so that a majority of stock could not be voted to approve the sale. The husband and wife were litigating over whether the Florida court with jurisdiction over the divorce proceedings should approve the sale. It was assumed by the parties to this litigation that such court approval was a condition of the sale. The question presented to the district court was whether such approval was a *condition subsequent,* so that a sale for *tax*

2

*purposes* occurred even though no approval was obtained in 1984, or whether it was a *condition precedent,* so that no sale occurred because there was no court approval in 1984.

The district court found as a fact that court approval was a condition subsequent, so that pursuant to the parties' stipulation, a sale occurred for tax purposes.

We note that the Florida court did not later approve the sale, so this condition was not fulfilled. Under settled tax law, however, a sale subject to a condition subsequent that is in a later year not met, does not change the treatment of the event as a sale for tax purposes in the year in question. *See Herbert J. Inv. Corp. v. United States,* 500 F.2d 44, 46 (7th Cir.1974) (adopting opinion of district court, 360 F.Supp. 825, 827 (E.D.Wisc.1973) ("a sale may be completed for tax purposes despite the existence of future contingencies")); *see also Major Realty Corp. v. CIR,* 749 F.2d 1483, 1486 (11th Cir.1985) (transfer of ownership completed upon passage of title or passage of burdens and benefits of ownership, whichever occurs first); *Sullivan v. United States,* 618 F.2d 1001, 1004 (3d Cir.1980) (binding taxpayers "by the form and terms of their agreement as construed for Federal income tax purposes .... alleviate[s] problems for the Commissioner in the collection of taxes and in the administration of tax laws").

On appeal, the IRS contends primarily that, as a matter of law, the sale was invalid under Florida Statutes, section 607.241 (1983), so that G.I.C. was not entitled to its 1984 capital loss on the sale. Section 607.241 requires that a sale of corporate assets be authorized by a majority of the corporation's shareholders. Such authorization did not occur either before or after the sale in this case. This argument assumes that the state court approval would not be sufficient compliance with the provisions of section 607.241 to make the sale valid and that even stockholder approval cannot be a condition subsequent, but must be a condition precedent, to a sale valid for tax purposes. There is serious doubt whether either of these assumptions is true, a doubt which may have led to the stipulation of trial counsel. It is not appropriate, however, for us to resolve these issues on this appeal. These are new arguments on appeal not made to the district court.

The stipulation is clear that a finding that a sale occurred in 1984 depends only on the factual resolution of the issue of whether court approval of that sale was a condition precedent or subsequent. At oral argument, the Commissioner contended that regardless of the language of the stipulation, the requirement of shareholder approval to the validity of the sale was an obvious and significant issue in the case below. Our review of the record, however, does not bear out that contention.

G.I.C.'s complaint does not mention the section 607.241 requirement, nor does the Commissioner's answer. As set forth above, the pretrial stipulation conspicuously left out section 607.241 in its enumeration of issues. The Commissioner's subsequently filed memorandum of law in support of its motion for summary judgment does briefly raise section 607.241, but never directly asserts that the absence of shareholder approval makes the sale void as opposed to voidable. In its reply memorandum on summary judgment, the Commissioner completely abandons any argument that section 607.241 shareholder approval is an absolute prerequisite to a sale for tax purposes, stating, "the parties knew, and intended, that judicial approval was the *sine qua non* for the sale to become a reality." The Commissioner's trial brief restates the summary judgment memorandum's arguments, focusing on the court approval issue. At trial, G.I.C.'s opening argument reiterated the issues set forth in the pretrial stipulation. The Commissioner's opening argument mentions section 607.241, but only as the motivation for establishing the divorce court approval requirement, because the wife would not vote her fifty percent of the shares to approve otherwise. In its Rule 52 motion to dismiss at the close of G.I.C.'s case, the Commissioner asserted that the two issues were whether the divorce court approval was a condition precedent and whether G.I.C. had a buy-back option, the issues set forth in the pretrial stipulation. The Commissioner's closing argument was silent as to the 607.241 requirement. Finally, after the district court's ruling on only the pretrial stipulation issues, there was no motion for rehearing or reconsideration pointing out the alleged mistake.

Since the district court followed the pretrial stipulation, the Commissioner argues that this Court is not bound by that stipulation of law. While a court may not be bound by a stipulation of law, there seems to be no good reason in this case why the United States should not be.

The Commissioner's argument is barred under two separate rules of procedure and prudence. *First,* parties are bound by their stipulations and a pretrial stipulation frames the issues for trial. *See, e.g., Hodges v. United States,* 597 F.2d 1014 (5th Cir.1979) (district court did not abuse its discretion in precluding IRS from asserting defense to refund suit not raised in pretrial order). A district court, of course, has discretion to consider issues not raised in a pretrial stipulation or to disregard issues of law stipulated by the parties in order to grant a party relief from a stipulation in order to prevent "manifest injustice." Fed.R.Civ.P. 16(e); *see also Noel Shows, Inc. v. United States,* 721 F.2d 327 (11th Cir.1983) (*trial court* not limited by stipulation as to whether evidence should be admitted at trial); *King v. United States,* 641 F.2d 253, 258 (5th Cir. Unit B. Mar.1981) (district court properly disregarded stipulation of burden of proof in tax refund case); *Equitable Life Assurance v. MacGill,* 551 F.2d 978, 983 (5th Cir.1977) (mistaken pretrial stipulation that Florida law would entitle insured to reasonable attorneys' fees should he prevail in suit to enforce policy not binding on the district court); *cf. Blohm v. Commissioner,* 994 F.2d 1542, 1552 (11th Cir.1993) (district court did not abuse its discretion in granting the CIR's motion for relief from the binding effect of a stipulation of fact).

Since the Commissioner did not request the district court for relief from the stipulation, however, we do not have a district court determination to review for abuse of discretion. *See Hodges,* 597 F.2d at 1018 n. 6 (cases "where the attempted assertion of new issues has been actively passed upon by the trial judge [are] to be distinguished from those situations where the issues are native to the appeal.").

*Second,* the appellate court does not generally consider issues not first presented to the trial court. *Narey v. Dean,* 32 F.3d 1521, 1526 (11th Cir.1994); *FDIC v. Verex Assurance, Inc.,* 3 F.3d 391, 395 (11th Cir.1993). The difficulty of surmounting that rule under these circumstances is

5

evident: the Commissioner has not presented any cases where this Court has entertained a legal theory on appeal that had been avoided by stipulation in the district court.

Our own review has found only cases where we have held parties to be *bound by* their pretrial stipulations, barring consideration of legal issues raised first on appeal. *See, e.g., Local '92, Int'l Ass'n. of Bridge, Structure & Ornamental Ironworkers v. B & B Steel Erectors,* 850 F.2d 1551, 1557 (11th Cir.1988); *Noell v. American Design,* 764 F.2d 827, 834 (1988) (11th Cir.1988); *Feazell v. Tropicana Products, Inc.,* 819 F.2d 1036, 1040 (11th Cir.1987) (no manifest injustice warranting this Court's disregard of pretrial stipulation of burdens of proof and production where plaintiff's "first objection ... is raised before this court despite the fact that the cases she relies upon existed at the time of her trial"); *see also Wilson v. Bailey,* 934 F.2d 301, 305 (11th Cir.1991) (stipulation that validity of consent agreement was not at issue binding on plaintiffs in this Court).

The one case cited by the Commissioner where the appellate court disregarded a stipulation, *Estate of Sanford v. CIR,* 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20 (1939), is distinguishable. In *Sanford,* the Supreme Court granted *certiorari* to consider three separate cases applying a new federal estate tax provision at the request of the Commissioner whose attorneys had been making inconsistent arguments in different cases applying that provision. In resolving that issue of general public concern, the Court merely refused to rely upon a stipulation in the record regarding how the provision had been interpreted in practice.

The district court having correctly decided the issues presented to it by stipulation and the appellant having established no good reason why it should not be bound by its stipulation, it is appropriate for this Court to address only the issues argued to the district court.

AFFIRMED.