[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10087

_____

D.C. Docket No. 0:18-cv-62703-WPD

KALLBERG INDUSTRIES, LLC,
a Tennessee limited liability company,

Plaintiff - Counter
Defendant - Appellant
Cross - Appellee,

versus

AUTOMOTIVE EXPERTS, INC.,
a Georgia company,

Defendant - Counter
Claimant - Appellee
Cross - Appellant,

MICHAEL KUNKEL,

Defendant -
Counter Claimant
Appellee.

———————————————

Appeals from the United States District Court
for the Southern District of Florida

———————————————

(June 24, 2021)

Before JILL PRYOR, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

This appeal arises out of a breach-of-contract dispute between a contractor, Kallberg Industries of Tennessee, and its subcontractor, Automotive Experts. Kallberg Tennessee has appealed the district court's award of damages in favor of Automotive, and Automotive has cross-appealed the district court's rejection of its claim for prejudgment interest. After careful review and with the benefit of oral argument, we affirm.

**I**

**A**

After Hurricane Maria hit Puerto Rico in 2017, the United States contracted with private companies to support relief missions there. One such company was Louis Berger. Louis Berger contracted with Kallberg Industries, LLC, a Florida limited liability company to service generators on the island. Kallberg Florida, through its subcontractor, Kallberg LLC of Tennessee, the plaintiff in this action, subcontracted Automotive Experts to supply equipment and mechanics to support

2

the mission.[1]  Kallberg Tennessee and Automotive never entered into a written

agreement.

Kallberg Tennessee used Automotive's equipment from October 2017 until

February 2018 and its mechanics from October 2017 until November 2018.  Louis

Berger paid Kallberg Florida, who, in turn, paid Kallberg Tennessee for the use of

the equipment.  Kallberg Tennessee delayed payment to Automotive for the use of

the equipment and mechanics despite receiving payment from Berger.  Instead,

Kallberg Tennessee tendered a check to Automotive for substantially less than

Automotive had expected and filed a declaratory judgment action against

Automotive and Automotive's CEO Michael Kunkel in Florida state court.

**B**

Automotive removed to federal court based on diversity and counterclaimed

against Kallberg Tennessee for breach of contract and unjust enrichment.  After a

two-day bench trial, the district court entered its findings of fact and conclusions of

law.  The district court found that Kallberg Tennessee had breached an oral

contract to pay Automotive $50 per day for each mechanic that was referred to and

---

[1] At the time that Automotive's CEO Michael Kunkel agreed to provide services for the mission in Puerto Rico, he was unaware that there were two Kallberg entities—one registered as an LLC in Florida and one in Tennessee, each run by different Kallberg family members.  It wasn't until Kallberg Tennessee sued Kunkel and Automotive that he became aware of Kallberg Tennessee. Nonetheless, it appears that Kallberg Tennessee, through Kallberg Florida, billed and received payment from Louis Berger for the work that Automotive and Kunkel did in Puerto Rico.

hired by Kallberg Tennessee.  It awarded Automotive $287,700 on this claim.  It

also found that, while the parties didn't reach an agreement on the rate of payment

for equipment that Automotive had provided, Kallberg Tennessee was unjustly

enriched by the use of Automotive's equipment and was paid $1,250,765 for this

equipment by Louis Berger.  The district court ordered this entire amount

disgorged and paid to Automotive as damages.

Both parties moved to alter or amend the judgment.  Kallberg Tennessee

argued that disgorgement wasn't the proper remedy and that Automotive had

unclean hands that should bar recovery.  The district court denied that motion.

Automotive sought prejudgment interest and to correct the disgorgement amount

from $1,250,765 to $1,447,325.  The district court denied the request for

prejudgment interest but granted a correction to the disgorgement amount,

acknowledging that it had relied on an incorrect calculation in one of Automotive's

exhibits.

Both parties have now appealed—Kallberg Tennessee because it argues that

the court erred with respect to its remedies and in rejecting a defense of unclean

hands, and Automotive because it argues that the district court erred by denying its

request for prejudgment interest.[2]

---

[2] We review the district court's determination of the proper legal standard to compute damages de novo and factual findings for clear error. *A. A. Profiles, Inc. v. City of Fort Lauderdale*, 253

4

## II

## A

We'll begin with Kallberg Tennessee's appeal. Kallberg first contends that the district court erroneously used a disgorgement measure of damages. It makes three arguments in support of this contention.

First, Kallberg Tennessee argues that disgorgement wasn't a proper remedy because Automotive sought damages at law for its unjust enrichment claim and disgorgement can be used only as an equitable remedy. Regardless of whether the district court was correct to call this remedy "disgorgement" or something else, it's clear that the district court applied the correct measure of damages for Automotive's unjust enrichment claim. As a matter of Florida law, damages for unjust enrichment can be based on either "(1) the market value of the services; or (2) the value of the services to the party unjustly enriched." *Alvarez v. All Star Boxing, Inc.*, 258 So. 3d 508, 512 (Fla. Dist. Ct. App. 2018). Here, the district court calculated unjust-enrichment damages based on the value of the use of Automotive's equipment to Kallberg Tennessee, which was the amount that Louis Berger paid Kallberg for that equipment. Moreover, Kallberg waived the position

---

F.3d 576, 581 (11th Cir. 2001). We review the denial of a motion to amend or alter the judgment for abuse of discretion. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). And we review the award or denial of pre-judgment interest for abuse of discretion. *Maytronics, Ltd. v. Aqua Vac Sys., Inc.*, 277 F.3d 1317, 1320 (11th Cir. 2002). The substantive law of Florida law applies.

that "disgorgement" wasn't a proper remedy for Automotive's unjust enrichment claim by stipulating pre-trial that disgorgement was a proper remedy for that claim. *See G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997) ("[P]arties are bound by their stipulations and a pretrial stipulation frames the issues for trial.").

Next, Kallberg Tennessee argues that the district court couldn't apply a disgorgement remedy without first finding that it engaged in "conscious wrongdoing." We find no support in Florida law for that contention. While Kallberg is correct that disgorgement is "a remedy designed to deter wrongdoers by making it unprofitable to engage in the wrongful behavior," *Bailey v. St. Louis*, 268 So. 3d 197, 201 (Fla. Dist. Ct. App. 2018), there's no affirmative requirement in Florida law requiring an on-the-record finding of conscious wrongdoing as a prerequisite to support such an award for an unjust enrichment claim.

Finally, Kallberg Tennessee argues that the district court miscalculated disgorgement by failing to base its award on a fair calculation of its net profits, rather than the total amount that it was paid by Louis Berger for the use of Automotive's equipment. We find no clear error in the district court's calculation. Here, whatever label the district court put on this remedy, it correctly based its calculation on the amount that Kallberg Tennessee was unjustly enriched by Louis Berger for the use of Automotive's equipment. Kallberg Tennessee also conceded

in the district court that the numbers in Defense Exhibit 94 that the court used to perform that calculation were correct, and it failed to present sufficient evidence showing that the total award should have accounted for its expenses in using the equipment.  And when the trial court asked Kallberg Tennessee how it should calculate the remedy for the equipment, Kallberg's attorney failed to offer the court any definitive method of calculating Kallberg's profit from the equipment use. The court also noted that in using the equipment, Kallberg Tennessee never expended any money, indicating that Kallberg's total reimbursement for the equipment was pure profit.

Accordingly, Kallberg Tennessee has failed to show that the district court abused its discretion in ordering Kallberg to pay back to Automotive the profits for the use of Automotive's equipment or committed clear error in calculating those profits.

**B**

Kallberg Tennessee next claims that the district court erred by awarding Automotive $287,700 in breach-of-contract damages for the $50 per day referral fee Kallberg promised for Automotive's mechanics because, it contends, it was really Kallberg Florida, not Kallberg Tennessee, who hired the mechanics after February 2018.  Thus, Kallberg Tennessee argues, Automotive can't recover amounts paid to mechanics after that date.

7

There's no clear error in the district court's damages award. The district court based its calculation on Defense Exhibits 80 and 81, which appear to list all the mechanics on the relief mission and the numbers of days worked. The only company name listed on those documents is "Kallberg." The district court concluded that based on these documents, Automotive referred mechanics for 5,754 "labor days" and multiplied that amount by $50 to get $287,700. The district court committed no clear error in thinking that the "Kallberg" in these documents was Kallberg Tennessee and that these documents accurately reflected the mechanics that Automotive referred to "Kallberg." Nor did it clearly err in concluding that Kallberg Tennessee's contractual relationship with Automotive persisted after February 2018, even though, in February, Kallberg Florida assumed some of Kallberg Tennessee's mission responsibilities. In fact, Kallberg admitted during its opening statement at trial that Kallberg Florida retained Kallberg Tennessee to do work on the Puerto Rico mission and that every mechanic was going to be working for Kallberg Tennessee.

## C

Lastly, and briefly, Kallberg Tennessee claims that the district court erroneously held that it failed to preserve a defense of unclean hands for trial by neglecting to include the issue in its pre-trial briefings. While Kallberg pleaded unclean hands in its answer, neither its pre-trial stipulations nor its proposed

8

findings of fact and conclusions of law mentioned unclean hands as an affirmative defense and issue for trial.  Kallberg attempted to amend these filings only after the district court signed its final judgment and the day before the district court entered its final judgment.  The district court didn't abuse its discretion by rejecting Kallberg's motion to reconsider issues that its attorney neglected to preserve.  *See Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997) ("We have not hesitated to back up district courts when they put steel behind the terms of pretrial orders and hold parties to them … [A] defendant can waive a potential defense by failing to ensure that the issue is clearly preserved in the pretrial order."); *see also Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012 (11th Cir. 1997) (similar).

### III

Next, Automotive's cross-appeal.  The district court rejected Automotive's claim for prejudgment interest because it wasn't raised in its counterclaim.  It alternatively declined to award prejudgment interest because it found that "[Automotive] did not do everything that it could have to mitigate damages." Automotive claims that this was error because it did everything it could to mitigate damages.  But Automotive, like Kallberg, is bound by its pre-trial stipulations, *see G.I.C. Corp.*, 121 F.3d at 1450, and here, Automotive failed to include a claim for prejudgment interest in either its counterclaim, pretrial stipulation, or proposed

9

findings of fact or conclusions of law.  The district court didn't abuse its discretion in rejecting this claim.

**AFFIRMED**.