[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14236

Non-Argument Calendar

_____

ALPER AUTOMOTIVE, INC.,
A Florida Corporation
d.b.a. AA Ignition,

                                        Plaintiff-Counter Defendant-Appellee,

*versus*

DAY TO DAY IMPORTS, INC.,
A California Corporation,

                                        Defendant-Counter Claimant-Appellant.

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-81753-BER

—————————————

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Defendant-Appellant Day To Day Imports, Inc. (DDI) appeals the district court's order, after a bench trial, that found DDI violated Section 512(f) of the Digital Millennium Copyright Act (DMCA). After careful review, we affirm.

## I.    BACKGROUND

The basis for this copyright litigation is a set of replacement stickers for the dashboard climate controls for certain General Motors (GM) vehicles. In 2011, Harold Walters incorporated original artwork behind the set of those replacement stickers. Walters began selling his stickers through online markets and submitted his design to the U.S. Copyright Office in 2017.[1] The U.S. Copyright Office granted a copyright for Walters's design.

In 2016, DDI began selling a similar set of climate control stickers but without Walters's artwork through online markets,

---

[1] In his application, Walters put 2017 as the date of original design, but that was amended to 2011.

including Amazon.  Walters submitted a Takedown Notice to Amazon.  Under the DMCA, a person who believes his copyright is being infringed can notify the online market in writing and must identify the allegedly infringing listing with particularity.  17 U.S.C. § 512(c).  DDI received notification that Amazon had taken down the listing due to copyright infringement.

DDI, through counsel, reached out to Walters to address how DDI allegedly infringed Walters's copyright.  Walters explained to DDI that he had a valid copyright and provided DDI with his copyright registration numbers.  But Walters did not provide DDI with a copy of his design nor did DDI request a copy of the design from the U.S. Copyright Office.  After negotiating with Walters, DDI paid Walters to license the copyrights and allowed Walters to continue to sell his stickers on eBay while DDI would sell the licensed stickers on Amazon.  Walters permitted DDI to submit a Takedown Notice to Amazon.

In April 2018, Plaintiff-Appellee Alper Automotive, Inc. (Alper) began selling a sticker that contained the same dashboard climate controls as DDI and Walters but also included another decal.  On May 8, 2018, DDI's counsel sent a Takedown Notice to Amazon that identified Alper's sticker as infringing DDI's license of Walters's copyright.  At first, Amazon did not remove the listing until DDI sent another Takedown Notice on May 15, 2018.  Amazon took down Alper's listing on May 17, 2018.

On May 17, 2018, Alper received notice that DDI had reported the copyright infringement and that Amazon had removed

Alper's listing.  Alper's counsel contacted DDI's counsel to address the alleged copyright infringement.  Throughout the discussion, DDI explained that it did not have a copy of Walters's design submitted to the U.S. Copyright Office but had seen the work and claimed Alper's stickers were identical.  Ultimately, Alper and DDI did not resolve the alleged copyright infringement.

On June 7, 2018, Alper emailed Amazon and disputed the Takedown Notice, specifically that the work was not identical to DDI's work nor was DDI's work entitled to copyright protection because it was standard dashboard icons.  Amazon reinstated Alper's listing on June 22, 2018.  This cycle of DDI sending a Takedown Notice and Alper disputing that notice occurred with DDI's August 2 and November 1 Takedown Notices.[2]

On November 19, 2018, DDI again sent a Takedown Notice that again included Alper's reinstated listing.  On November 29, 2018, Amazon removed Alper's listing, and Alper immediately appealed.  Alper's counsel contacted DDI's counsel at this time to discuss the changes Alper made to its sticker and to hopefully settle.  Amazon reinstated Alper's listing on December 2, 2018.   On December 5, 2018, after discussing the issue with other attorneys and Amazon Legal, Alper's counsel rescinded the settlement proposal.  Alper's counsel explained that Alper's listing does not infringe on

---

[2] These Takedown Notices also included listings from other companies that were not reinstated by Amazon.

DDI's copyright and that if DDI continued to file invalid Takedown Notices, Alper would take legal action.

On December 23, 2018, DDI's counsel received an email from Amazon stating it received DDI's reports of infringement and had acted against the infringers, including Alper. Alper appealed and Amazon reinstated Alper's listing.[3]

On December 27, 2018, Alper sued DDI in the Southern District of Florida for five claims, including 17 U.S.C. § 512(f) about DDI's submitted Takedown Notices. DDI counterclaimed for copyright infringement and joined Walters to the suit. Relevant to this appeal, the district court conducted a three-day bench trial on Alper's Section 512(f) claim only.[4]

After the bench trial, the district court entered its Findings of Facts and Conclusions of Law. Ultimately, the district court found that the May, August, and November 1 Takedown Notices did not violate Section 512(f). However, the district court found:

> 12. When it submitted the November 19 DMCA Takedown Notice, Defendant [DDI] had a subjective

---

[3] As the district court noted, the December emails were a technical glitch by Amazon but would not have happened but for the November 19, 2018 Takedown Notice.

[4] Alper's remaining claims and DDI's counterclaims were handled either by settlement or through summary judgment.

belief that Plaintiff's [Alper's] Sticker Sheet infringed the Subject Design.

13. That subjective belief was the result of willful blindness.

14. By this point, in addition to the information known to Defendant after the May DMCA Takedown Notice, Defendant knew that Plaintiff's Amazon listing had been reinstated three times. Defendant had not tried to find out why Amazon kept reinstating Plaintiff's listing. Defendant had not obtained the Deposit Design from the Copyright Office. And, the November 19 DMCA Takedown Notice acknowledged that many of the ASINs listed in the Notice were ones that had already been taken down and are "back up somehow." All of these facts placed Defendant on actual notice that it was highly likely that, in fact, Plaintiff's Sticker Sheet was not infringing the Subject Design. It also put Defendant on acute notice that there was a problem with its copyright infringement claim. Therefore, Defendant's decision to not pursue information that would have helped confirm whether Plaintiff was infringing on a protected copyright constituted willful blindness.

15. I further find that by November 19, 2018, Defendant had a motive not to investigate further – filing DMCA Takedown Notices was less expensive and

more immediate than pursuing a claim for copyright infringement on the merits.  In making this finding I draw an adverse inference from Defendant's failure to initiate litigation against Plaintiff.  In a May correspondence, Mr. Kaufman said, "We are a few weeks away from filing suit against all the infringers."  Yet, as of the November 19, 2018, seven months later, Defendant had not filed suit against Plaintiff, even though Plaintiff was persisting in having its Amazon listing reinstated.  *See Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204–05 (N.D. Cal. 2004) ("The fact that Diebold never actually brought suit against any alleged infringer suggests strongly that Diebold sought to use the DMCA's safe harbor provisions—which were designed to protect [Internet Service Providers], not copyright holders—as a sword to suppress publication of embarrassing content rather than as a shield to protect its intellectual property.").  I find that by November 19, 2018, Defendant was using the DMCA Takedown Notices to suppress a market competitor rather than to enforce a legitimate good faith claim of copyright infringement.

16. The November 19, 2018, DMCA Takedown Notice violated § 512(f).  I find by a preponderance of the evidence that Defendant knowingly and materially

misrepresented that Plaintiff was infringing a valid
copyright, that Amazon relied on that misrepresenta-
tion, and that Plaintiff was injured as a result of its list-
ing being down from November 29, 2018 to Decem-
ber 2, 2018.

The district court awarded Alper $351.95 in lost profits and $45 for
Alper's counsel's time in getting the Amazon listing reinstated.
DDI timely appealed.

## II.    STANDARD OF REVIEW

"On appeal of a district court order from a bench trial, we
review the court's conclusions of law *de novo* and its findings of
fact for clear error." *HGI Assocs., Inc. v. Wetmore Printing Co.*,
427 F.3d 867, 873 (11th Cir. 2005). "We will not find clear error
unless our review of the record leaves us 'with the definite and firm
conviction that a mistake has been committed.'" *Coggin v.
Comm'r of Internal Revenue*, 71 F.3d 855, 860 (11th Cir. 1996)
(quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.    ANALYSIS

DDI argues the district court erred in two ways. First, the
district court erred in using the willful blindness standard to sup-
port DDI's liability for a knowing misrepresentation under 17
U.S.C. § 512(f). Second, even if the willful blindness standard ap-
plies, the district court clearly erred in finding DDI was willfully
blind. We will address each argument in turn.

### A.

DDI argues that it is unprecedented for the district court to use the willful blindness standard as this court has not addressed the knowledge requirement under Section 512(f). Although DDI is correct that this court has not addressed the willful blindness standard under Section 512(f), the parties stipulated to this standard as the law that the judge would use during the bench trial. Specifically, in the Amended Joint Pretrial Stipulation, the parties agreed that "[w]illful blindness serves as a substitute for actual knowledge for a DMCA misrepresentation claim." DDI also discussed the willful blindness standard to the district court in its opening and closing statements. DDI further argued in its closing that Alper failed to meet the requirements for willful blindness.

Although DDI argues that the district court should have not used the willful blindness standard, it does not argue that holding DDI to that standard is manifest injustice. As a general rule, parties are bound by stipulations made before trial. *G.I.C. Corp., Inc. v. United States*, 121 F.3d 1447, 1449–50 (11th Cir. 1997). "Before agreeing to a stipulation, a litigant has a duty to satisfy himself concerning the matters which his opponent proposes for stipulation. *Down v. Am. Employers Inc. Co.*, 423 F.2d 1160, 1164 (5th Cir.

1970).[5]  But a court may disregard issues of law stipulated by the parties to grant a party relief from that stipulation to prevent manifest injustice.  *Equitable Life Assurance Soc'y v. MacGill*, 551 F.2d 978, 983–84 (5th Cir. 1977).

Considering DDI stipulated to the use of willful blindness as a substitute for actual knowledge before trial and then repeatedly discussed that standard at the trial, we will hold DDI to that stipulation.  Nor was it manifestly unjust to use a willful blindness standard because we have adopted that doctrine to show knowledge in other intellectual property cases.  *See Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312 (11th Cir. 2019) (applying willful blindness in a contributory trademark infringement action); *see also Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011) (applying willful blindness in induced patent infringement case).

## B.

DDI argues that the district court clearly erred in finding that DDI was willfully blind for two reasons.  First, DDI argues that the district court's order now requires any party, including DDI, to contact the U.S. Copyright Office to determine whether there is a valid copyright rather than go on the subjective belief of a licensor, in this case Walters.  DDI misrepresents what the district court

---

[5] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

order stated.  The district court order did not hold that DDI, or future parties, must contact the U.S. Copyright Office before filing a Takedown Notice under the DMCA.  Rather, the district court explained that considering the many times Alper's listing was taken down and put back up that Alper's sticker likely did not infringe on DDI's design.  As a result, DDI should have pursued information to determine whether Alper was actually infringing a protected copyright.  One way that DDI could have done so was to contact the U.S. Copyright Office, but DDI could have also reached back out to Walters to get as much information as it could have from his copyright application, including Walters's submitted designs.

Next, DDI argues that the district court erred in applying the willful blindness standard.  In order to show willful blindness, a party must establish two factors: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances*, 563 U.S. at 769.

Looking at the first factor, the district court explained that by November 19, DDI was placed on actual notice that Alper's sticker likely did not infringe on DDI's sticker.  Before making this finding, the district court, in great detail, explained the many Takedown Notices, Alper's appeals of those notices, and ultimately Amazon's reinstatement of Alper's listings.  The district court also noted that many of the other listings that DDI included in its Takedown Notices were not being reinstated on Amazon, which

increases the probability that DDI knew there was likely no infringement by Alper.

After months of sending Takedown Notices, only for Alper's listings to be reinstated, DDI should have pursued information to determine why Amazon kept allowing reinstatement.  Further, in one email, Amazon explained that it would not act on the Takedown Notice because "the notices [DDI] reported to Amazon are invalid and/or inaccurate."  These facts allow the inference that DDI was intentionally insulating itself from knowledge about possible the likelihood that Alper was not infringing Walters's copyrights. *See United States v. Dean*, 487 F.3d 840, 851 (11th Cir. 2007). Therefore, there is substantial evidence to support the district court's finding of willful blindness.

## IV.    CONCLUSION

Thus, the district court's comprehensive order is affirmed. The district court did not err in using the willful blindness standard as a substitute for actual knowledge in a misrepresentation claim under 7 U.S.C. §512(f) and DDI has not shown manifest injustice because DDI stipulated to the standard before trial and then made arguments at trial using that standard.  And the district court did not clearly err in determining that DDI's conduct for the November 18, 2018 Takedown Notice was willfully blind.

**AFFIRMED.**