[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10833
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00118-WTH-KRS

TERRI LYNN BROWN,

Plaintiff - Counter
Defendant - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Counter
Claimant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 28, 2011)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Terri Lynn Brown appeals pro se the district court's grant of summary judgment to the government on both her tax refund claim and the government's counterclaim for unpaid federal trust fund recovery penalties. Brown also appeals the district court's order granting the government leave to amend its counterclaim. After review, we affirm.

## I. BACKGROUND

### A. Brown's Tax Liabilities

Beginning in 1995, Brown was the president, only officer, and only director of Safe-Deposit, Inc., a security guard company in Ocala, Florida. Brown, who was the only authorized signatory on Safe-Deposit's bank accounts, signed payroll checks on the company's behalf. Brown was responsible for collecting and paying employment taxes for Safe-Deposit's employees.

Safe-Deposit failed to turn over to the Internal Revenue Service ("IRS") payroll taxes withheld from its employees' wages for the tax periods ending June 30, 1999; September 30, 1999; December 31, 1999; March 31, 2000; June 30, 2000; December 31, 2000; and March 31, 2001.[1]

---

[1]Brown dissolved Safe-Deposit in or around April 2001.

2

To recover those taxes, the IRS assessed trust fund recovery penalties[2] against Brown personally pursuant to 26 U.S.C. § 6672, as a responsible person of Safe-Deposit who willfully failed to pay over the withheld taxes. The total amount of trust fund recovery penalties assessed against Brown was approximately $44,000.[3] Brown made some payments toward her tax liabilities for the tax periods ending June 30, 1999 through June 30, 2000. Brown entered into an installment agreement in 2005 and made some, but not all, of the payments due. When Brown overpaid her personal income taxes, the IRS credited those amounts toward the outstanding balance on the assessments.

**B.     Brown's Lawsuit**

On March 13, 2008, Brown filed a pro se complaint against the United States, the Commissioner of Internal Revenue, and various unknown government

---

[2]The Internal Revenue Code requires employers to deduct from wages paid to their employees the employees' share of Federal Insurance Contribution Act ("FICA") taxes and the withholding tax on wages applicable to individual income taxes. 26 U.S.C. §§ 3102(a); 3402(a). "The withheld sums are commonly referred to as 'trust fund taxes,' reflecting the Code's provision that such withholdings or collections are deemed to be a 'special fund in trust for the United States.'" Slodov v. United States, 436 U.S. 238, 243, 98 S. Ct. 1778, 1783 (1978) (citing 26 U.S.C. § 7501).

[3]On April 16, 2001, the IRS assessed against Brown a trust fund recovery penalty of $30,924.16 for the tax periods ending June 30, 1999 through June 30, 2000. On April 21, 2003, the IRS assessed against Brown two trust fund recovery penalties, one for $6,322.79 for the tax period ending December 31, 2000, and the other for $6,889.61 for the tax period ending March 31, 2001. The amounts assessed represented the trust fund portion of the unpaid federal payroll taxes of Safe-Deposit's employees.

employees. Brown raised a number of constitutional and state-law tort claims, but the gravamen of her complaint was that the government "illegally assessed and collected" the trust fund recovery penalties "from . . . Brown instead of [Safe-Deposit]."

On May 19, 2008, the government filed a counterclaim "to reduce to judgment [Brown's] outstanding federal tax liabilities." The counterclaim alleged that Brown failed to pay over employee payroll taxes for the tax periods ending June 30, 2000; December 31, 2000; and March 31, 2001. The counterclaim alleged that the total amount due for those tax periods, as of May 19, 2008, was $45,118.55.

## C. Government's Motion to Dismiss

The government moved to dismiss Brown's complaint for lack of subject matter jurisdiction and for failure to state a claim. The district court granted the government's motion, except that it found that Brown may be able to assert a tax refund claim against the government as to the tax period ending June 30, 2000. The district court permitted Brown to file an amended complaint asserting that tax refund claim only, which Brown did.

## D. Government's Motion to Amend Counterclaim

4

Following discovery, the government moved to amend its counterclaim "to clarify that the assessment for the tax periods ending June 30, 2000 includes the tax periods ending June 30, 1999 through June 30, 2000." The government alleged Brown would not be prejudiced by the amendment because (1) discovery included the June 30, 1999 through June 30, 2000 tax periods, and (2) the amendment would not change the balance alleged to be due but would merely clarify the tax periods covered. The district court granted leave to amend.

E.     **Government's Motion for Summary Judgment**

The government moved for summary judgment. Brown requested a continuance, pursuant to Federal Rule of Civil Procedure 56(d), to take the deposition of Richard Hanauer, the IRS revenue agent assigned to her case. The district court granted Brown's request for continuance.

After Hanauer's deposition, the government renewed its summary judgment motion. Brown opposed the motion, requested mediation, and again argued she should be granted leave to conduct additional discovery. The district court denied Brown's request for additional discovery and granted summary judgment to the government on both Brown's one tax refund claim and the government's amended counterclaim. Brown appealed.

## II. DISCUSSION

5

## A.    Leave to Amend Counterclaim

Brown contends the district court erred in granting the government leave to amend its counterclaim to include the tax periods in 1999.[4]

Federal Rule of Civil Procedure 15(a)(2) provides that before trial a district court "should freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the district court need not permit an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation marks omitted).

Brown's only contention of error is her bare assertion, without legal or evidentiary support, that she was prejudiced by the government's amendment because the statute of limitations had run on the tax assessment for the year 1999.  Even assuming Brown adequately preserved and raised this issue, it lacks merit.  The counterclaim amendment did not assert a new claim for relief.  The uncontroverted evidence shows that the April 16, 2001 assessment against Brown

---

[4]We review a district court's decision to grant leave to amend a pleading for abuse of discretion.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008).

for $30,924.16—one of the three assessments referenced in the original counterclaim as showing the penalties the government was seeking to reduce to judgment—was for trust fund recovery penalties for the tax periods ending June 30, 1999; September 30, 1999; December 31, 1999; and June 30, 2000. Thus, the government was counterclaiming for the 1999 penalties all along, though the original counterclaim failed to point it out.

As the district court correctly found, Brown was not prejudiced by the counterclaim amendment because (1) it did not affect the amount due or include any new assessments or penalties, and (2) discovery had already included all the periods covered by the clarifying amendment. Moreover, because the penalties for the 1999 tax periods were included in the April 16, 2001 assessment, there was no statute of limitations violation in any event. See 26 U.S.C. § 6501(a) (stating that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed").

The district court did not abuse its discretion in granting the government leave to amend its counterclaim.

**B.    Summary Judgment**

Brown argues the district court erred in granting summary judgment to the government on its amended counterclaim and her refund claim.[5]

Under 26 U.S.C. § 6672, "the officers or employees of the employer responsible for effectuating the collection and payment of trust-fund taxes who willfully fail to do so are made personally liable [for] a 'penalty' equal to the amount of the delinquent taxes." Slodov, 436 U.S. at 244-45, 98 S. Ct. at 1784.[6] The test for liability under §6672(a) has two elements: "(1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." Thosteson v. United States, 331 F.3d 1294, 1298 (11th Cir. 2003).

A "responsible person" is "an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax." Thibodeau v.

_____

[5]We review de novo a district court's grant of summary judgment. Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007). In doing so, "[w]e apply the same legal standards that bound the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party." Id. We review the district court's denial of a Rule 56(d) motion for leave to conduct additional discovery for abuse of discretion. Id.; see Fed. R. Civ. P. 56. A district court's decision whether to order mediation is also reviewed for abuse of discretion. Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445, 1448 (11th Cir. 1996).

[6]Section 6672 provides that "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672(a).

8

United States, 828 F.2d 1499, 1503 (11th Cir. 1987). There is no dispute that Brown is a "responsible person" under § 6672.

The willfulness requirement is satisfied "if the responsible person has knowledge of payments to other creditors after [s]he becomes aware of the failure to remit the withheld taxes." Thosteson, 331 F.3d at 1300. There is no requirement that willfulness of the responsible person include a fraudulent or other bad motive. Id.

Brown denies she meets the willfulness requirement, but she has repeatedly conceded, both in the district court and again in her brief on appeal, that she deliberately paid Safe-Deposit's employees' wages and other creditors before she paid the trust fund taxes to the government. Brown's conduct satisfies the willfulness standard.

Brown argues she is not liable under § 6672 because she had "reasonable cause" for not paying the trust fund taxes—namely, her own and her family's health problems and an alleged pattern of tortious interference against Safe-Deposit by the Ocala Police Department. This Court has never decided whether there is a "reasonable cause" defense to a finding of willfulness under § 6672. See Thosteson, 331 F.3d at 1301. But even if there were, it would not apply to Brown because "[n]o such defense may be asserted by a responsible person who knew

that the withholding taxes were due, but who made a conscious decision to use corporate funds to pay creditors other than the government." Id. (quotation marks omitted).  Whatever the cause of Safe-Deposit's financial woes, Brown by her own admission "used the corporate income to pay payroll and business expenses rather than to pay fully the taxes due first."  Therefore, she is liable for a penalty equal to the amount of unpaid taxes pursuant to § 6672.[7]  The district court correctly granted summary judgment to the government on its counterclaim.[8]

Because the district court correctly held that Brown is liable for the trust fund recovery penalties under § 6672, it likewise correctly determined that Brown

---

[7]For the first time on appeal, Brown contends there is a genuine issue of material fact as to whether the government sent her the proper notices of her tax liabilities.  See 26 U.S.C. § 6672(b)(1) (requiring the government to notify a taxpayer against which it is seeking to impose a trust fund penalty in writing by mail sent to his or her last known address).  Because this issue was not raised in the district court, it is waived.  See Norelus v. Denny's, Inc., 628 F.3d 1270, 1296 (11th Cir. 2010) (noting "our well-established rule . . . [that] issues not raised in the district court should not be considered on appeal").  In any event, the documents attached to Brown's brief on appeal suggest that the government sent, and she received, proper notice.

[8]Brown argues that the district court erred in granting summary judgment without permitting additional discovery or ordering mediation.  We find no abuse of discretion.  Brown admitted each element necessary to prove liability under § 6672 and has made no showing that the witnesses she wished to depose would provide information that might alter that fact.  Moreover, she already was afforded one opportunity for additional discovery.  And a district court is obviously under no obligation to order mediation in the face of a valid motion for summary judgment.

was not entitled to a refund of the amounts she has already paid. The government is entitled to summary judgment on Brown's tax refund claim.[9]

## III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

**AFFIRMED.**

---

[9]Brown challenges the amount of the judgment entered by the district court. She contends that the government conceded that Brown has already paid in full the penalties for the tax period ending June 30, 2000 listed in the April 16, 2001 assessment. Brown misconstrues the government's concession, which was only that subject matter jurisdiction existed for a refund claim based on the penalties as to the June 30, 2000 tax period because Brown had paid the amount of tax withheld <u>for a single Safe-Deposit employee</u> for the June 30, 2000 period. In fact, the undisputed facts show that Brown did not pay the full amount of the penalties deriving from the June 30, 2000 tax period, but only a portion of them. Brown has shown no error in the amount of the judgment against her.