[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10230

_____

D. C. Docket No. 05-00583-CV-B

DOROTHY SHUFORD,

                                                      Plaintiff-Appellant,

                              versus

FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE
CO.,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 10, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,[*] District Judge.

_____

[*] Honorable James H. Hancock, United States District Judge for the Northern District of
Alabama, sitting by designation.

PRYOR, Circuit Judge:

The two main questions in this appeal involve the timeliness of a proof of loss for an insurance policy issued under the National Flood Insurance Program and whether a related tort claim of bad faith refusal to pay is preempted by federal law. Dorothy Shuford appeals the summary judgment against her complaint regarding the denial of her claim for benefits under a Standard Flood Insurance Policy. Shuford's property was damaged by a flood caused by Hurricane Ivan. After that hurricane, the Federal Insurance Administrator imposed a one-year deadline for the filing of proofs of loss for contested claims, but Shuford failed to file a proof of loss within one year. The district court dismissed Shuford's tort claim on the ground that it was expressly preempted by a federal regulation, 44 C.F.R. § 61, app. A(1), art. IX, and the district court entered summary judgment against Shuford's complaint for breach of the policy on the ground that Shuford failed to file a timely proof of loss. We affirm.

## I. BACKGROUND

Dorothy Shuford owned a business that was insured by a Standard Flood Insurance Policy issued by Fidelity National Property and Casualty Insurance Company and underwritten by the U.S. Treasury as part of the National Flood Insurance Program. Fidelity served as a "Write-Your-Own" insurance provider—a private provider that participated in the National Flood Insurance Program. See 44

2

C.F.R. § 62.23. The providers administer National Flood Insurance Program policies as fiscal agents of the United States. See 42 U.S.C. § 4071(a)(1). The Standard Policy provided as follows that only the Federal Insurance Administrator could alter its terms: "This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." 44 C.F.R. § 61, app. A(2), art. VII.D.

On September 16, 2004, Hurricane Ivan caused flooding that damaged Shuford's ice delivery system. The terms of the Standard Policy required the policyholder to file a proof of loss with the insurer within 60 days of the loss. 44 C.F.R. § 61, app. A(2), art. VII.J. After the hurricane, the Administrator created a system for expedited payments of claims and, for contested claims, waived the 60-day deadline for a proof of loss and instead imposed a one-year deadline:

> Recently, a number of States experienced catastrophic losses as a result of three hurricanes (Charley, Frances, and Ivan) within the span of a few weeks, and a fourth hurricane (Jeanne) is about to make landfall on the Southeast coast. As a result, there is a shortage of qualified adjusters available to adjust the losses resulting from these hurricanes. So, there is an urgent need to expedite claims payments to policyholders.

> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms and VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the

evaluation of damage in the adjuster's report.  This means the requirement in VII.M.1 and VIII.M.1 that losses will be payable 60 days after the insurer receives the policyholder's proof of loss (or within 90 days after the adjuster files a report signed and sworn to by the policyholder in lieu of a proof of loss) will not apply.  Instead, the loss will be payable as soon as practicable after the insurer receives the adjuster's report.  This procedure will allow the insurer to promptly adjust, settle, and pay claims based on the adjuster's report.  Also, under the terms of this waiver, the following provisions will not apply: VII.J.7, J.9, and M.2.c of the SFIP Dwelling and General Property Forms and VIII.J.7, J.9, and M.2.c of the SFIP Residential Condominium Building Association Policy Form.

In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss.  The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form.  The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.

For example, a policyholder who suffered a flood loss from Hurricane Charley on August 14, 2004, and disagrees with the insurer's decision based on the adjuster's report, has until August 13, 2005, to file the proof of loss detailing the area(s) of disagreement.  A policyholder who suffered a flood loss from Hurricane Frances on September 7, 2004, has until September 6, 2005, to file the proof of loss detailing the area(s) of disagreement, and those who suffered a flood loss from Hurricane Ivan on September 24 have until September 23, 2005, to file a proof of loss detailing the area(s) of disagreement.

This waiver is pursuant to the provisions dealing with

4

amendments, waivers, and assignments of the SFIP (VII.D. of the SFIP Dwelling Form and General Property Form and VIII.D. of the SFIP Residential Condominium Building Association Policy Form). Since the adjuster availability problem will affect not only the claims from the three hurricanes referred to above, but also any other flood events that may occur while the adjustment of claims from those hurricanes is ongoing, this waiver applies to all claims arising on August 12, 2004, and thereafter until December 31, 2004.

Shuford filed a claim with Fidelity but never submitted a proof of loss. On February 22, 2005, Fidelity denied Shuford's claim on the ground that the Standard Policy did not cover Shuford's ice delivery system. Shuford filed a complaint for breach of contract and the tort of bad faith refusal to pay against Fidelity in state court. Fidelity removed the action to federal court, which is the exclusive forum for claims arising under the National Flood Insurance Act. See 44 C.F.R. § 61, app. A(2), art. VII.R. The district court dismissed Shuford's tort claim on the ground that it was preempted by federal law. The district court then granted summary judgment against Shuford's complaint for breach of contract because Shuford had not filed a proof of loss within one year of her loss. Finally, the district court denied Shuford's motion to alter or amend the summary judgment under Federal Rule of Civil Procedure 59(e).

## II. STANDARDS OF REVIEW

A few different standards of review govern this appeal. We review a grant of

5

summary judgment by a district court de novo. Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). We apply the same legal standards that bound the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party. Id. (quoting Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1203 (11th Cir. 2001)). We review the denial of a motion for leave to conduct limited discovery under Rule 56(f) for abuse of discretion. Carmical v. Bell Helicopter Textron, Inc., 117 F.3d 490, 493 (11th Cir. 1997) (citing Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527–28 (11th Cir. 1983)). We review the determination that a state law claim is preempted by federal law de novo. Irving v. Mazda Motor Corp., 136 F.3d 764, 767 (11th Cir. 1998) (citing Lewis v. Brunswick Corp., 107 F.3d 1494, 1498 (11th Cir. 1997)). We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion. Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (citing Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

## III. DISCUSSION

Shuford challenges four rulings by the district court. First, Shuford challenges the summary judgment against her complaint for breach of contract. Second, Shuford argues that the district court abused its discretion when it denied her motion for leave to conduct limited discovery under Rule 56(f). Third, Shuford argues that the district

court erred when it ruled that her tort claim was preempted by federal law. Fourth, Shuford argues that the district court abused its discretion when it denied her motion to alter or amend the summary judgment under Rule 59(e) because the interpretation by the district court of the Administrator's waiver conflicted with the standard practice in the flood claim adjusting industry. Each of Shuford's arguments fails.

### A. Shuford's Complaint for Breach of Contract Fails.

Shuford presents three arguments to excuse her failure to file a proof of loss within one year. First, Shuford argues that the Administrator's waiver dispensed with the proof-of-loss requirement and converted the adjuster's report into a proof of loss, and Shuford contends that she was not required to file a proof of loss because she never knew about the claim adjuster's estimate on which the denial of payment was based. Second, Shuford argues that Fidelity should have been equitably estopped from asserting Shuford's failure to file a proof of loss as a defense. Third, Shuford argues that Fidelity constructively waived the proof-of-loss requirement. Each of these arguments fails.

### 1. Shuford Did Not Comply with the Proof-of-Loss Requirement in the Administrator's Waiver.

Fidelity was entitled to summary judgment against Shuford's complaint for breach of contract because Shuford failed to file a proof of loss within a year.

Although the Administrator's waiver dispensed with the 60-day deadline for a proof of loss, the waiver provided a new deadline for the filing of a proof of loss. For a contested claim, a policyholder had to file a proof of loss within a year: "In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss." The waiver explained that the rejection of a timely proof of loss was a condition precedent for the filing of a lawsuit: "If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial . . . ." Contrary to Shuford's argument, the permissive term "may" in the phrase "a policyholder may submit to the insurer a proof of loss" means that the policyholder had a choice whether to challenge the insurer's decision, not that filing the proof of loss was optional. If filing a proof of loss within a year of the loss were not a requirement for obtaining judicial relief, the clause "[i]f the insurer rejects the proof of loss in whole or in part" would be superfluous.

Shuford argues that the Administrator's waiver converted the report of the claim adjuster into a proof of loss and, in the alternative, that a proof of loss was not required because Shuford never knew about the claim adjuster's estimate on which the denial of payment was based. These arguments fail based on the plain language

8

of the waiver. The problem with Shuford's first argument is that the language in the waiver that "payment of the loss will be based on the evaluation of damage in the adjuster's report" does not suggest that the adjuster's report is a proof of loss for a contested claim. The waiver dispenses with the need for a proof of loss when the adjuster's report is uncontested, but later language in the waiver establishes that a proof of loss is necessary for a contested claim. The problem with Shuford's alternative argument is that, although Shuford needed to know that her claim had been denied, she did not need to know of the estimate on which the denial was based. The Administrator's waiver allowed a policyholder to submit a proof of loss "[i]n the event [she] disagrees with the insurer's adjustment, settlement, or payment of the claim." Because she disagreed with the denial of payment by Fidelity, Shuford was required to file a proof of loss, even if she had no knowledge of the underlying adjuster's report.

2. Fidelity Was Not Equitably Estopped from Raising the Proof-of-Loss Requirement as a Defense.

Shuford next argues that Fidelity should have been equitably estopped from raising Shuford's failure to submit a proof of loss as a defense because Fidelity sent Shuford a letter erroneously stating that the 60-day proof-of-loss requirement applied. We disagree. Equitable estoppel is not an available argument for Shuford.

9

The Supreme Court has held that equitable estoppel is unavailable in a claim against the government for funds from the public treasury. Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 424–34, 110 S. Ct. 2465, 2471–76 (1990). The claimant in Richmond became ineligible for disability benefits when he relied on the erroneous advice of a federal employee and took a job in which he earned more than was permitted by the eligibility requirements of the relevant statute. Id. at 416–18, 110 S. Ct. at 2467–68. The Supreme Court declined to estop equitably the government from finding the claimant ineligible for disability benefits because the Appropriations Clause prohibits monetary payments from the federal treasury that have not been authorized by Congress. Id. at 424–28, 110 S. Ct. at 2471–73. The erroneous advice of a federal employee could not override the requirements that Congress had established for the disbursal of federal funds.

Because Fidelity was acting as a fiscal agent of the United States, see 42 U.S.C. § 4071(a)(1), Richmond applies. A suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury. Equitably estopping Fidelity from raising the failure to file a proof of loss as a defense would allow the erroneous letter from Fidelity to alter the requirements for the disbursal of federal funds. Under

10

Richmond, equitable estoppel is unavailable to Shuford.

Even assuming for the sake of argument that equitable estoppel might be available for a claimant under a Standard Policy, Shuford cannot establish "affirmative and egregious misconduct." Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1319–20 (11th Cir. 2003) (per curiam). In Sanz, an insurance provider in the National Flood Insurance Program erroneously informed a policyholder that he had completed all of the necessary paperwork and that the provider would "take care" of the claim. Id. at 1317. We declined to estop equitably the provider from asserting the proof-of-loss requirement as a defense because, even assuming for the sake of argument that equitable estoppel might be available in limited circumstances, the conduct of the provider did not rise to the level of affirmative and egregious misconduct. Id. at 1320. In the light of Sanz, equitable estoppel is inapplicable because the letter from Fidelity to Shuford, which stated that the 60-day proof-of-loss requirement applied, did not constitute affirmative and egregious conduct.

3. Fidelity Did Not Constructively Waive the Proof-of-Loss Requirement.

Shuford argues that Fidelity constructively waived the proof-of-loss requirement because Fidelity did not base its denial of payment on Shuford's failure to file a proof of loss. Again, we disagree. In Sanz we declined to recognize a constructive waiver when the provider processed the claim without a proof of loss

and repeatedly assured the policyholder that all necessary papers had been filed. Id. at 1318–19. We explained that strict compliance with the provisions of federal flood insurance policies is required because payments are drawn from the federal treasury. Id. at 1317–18. We held that failure to file a proof of loss bars recovery absent an express written waiver of the proof-of-loss requirement by the Administrator. See id. at 1317–19.

### B. The District Court Did Not Abuse Its Discretion When It Denied Shuford's Motion for Leave To Conduct Limited Discovery.

Shuford argues that the district court abused its discretion when it denied her motion for leave to conduct limited discovery regarding the interpretation of the Administrator's waiver. See Fed. R. Civ. P. 56(f). A court may grant leave for limited discovery under Rule 56(f) when a party is unable to present essential facts in opposition to a motion for summary judgment, Carmical, 117 F.3d at 493, but Shuford's motion failed to mention a need to determine the meaning of the waiver. The district court did not abuse its discretion.

### C. Federal Law Expressly Preempts Shuford's Tort Claim of Bad Faith.

Shuford's argument that her tort claim of bad faith is not preempted fails. A claim under state law is expressly preempted "when Congress has manifested its intent to preempt state law explicitly in the language of the statute." Cliff v. Payco

Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004). Federal regulations

have the same preemptive effect as federal statutes. Fidelity Fed. Sav. & Loan Ass'n

v. de la Cuesta, 458 U.S. 141, 153, 102 S. Ct. 3014, 3022 (1982).

The plain language of the Standard Policy, which is embodied in a federal

regulation, reflects a clear intent to preempt claims under state law:

IX. What Law Governs

This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

44 C.F.R. § 61, app. A(1), art. IX (emphasis added). This provision became effective

on December 31, 2000, before Fidelity issued Shuford's policy.

When the Federal Emergency Management Agency ("FEMA") proposed the

2000 amendment to the Standard Policy, the Agency provided a statement of intent

that bolsters the conclusion that Shuford's state law tort claim is preempted:

Standard Flood Insurance Policies are sold by a number of private Write Your Own (WYO) insurance companies and directly to the public by the Federal Insurance Administration. Because the National Flood Insurance Program is national in scope and accomplishes a number of programmatic missions in addition to making affordable flood insurance generally available to the public, the SFIP provides that its terms cannot be altered, varied or waived except by the written authority of the Federal Insurance Administrator. The Administrator intends that the same benefits should be available to insureds wherever the insured property is located, or whether the policy is purchased from a WYO

13

> insurance company or from the Federal Government. Thus, there is a need for uniformity in the interpretation of and standards applicable to the policies and their administration. <u>Therefore, we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law.</u>

65 Fed. Reg. 34,824, 34,826–27 (May 31, 2000) (emphasis added). In the light of the plain language of the 2000 amendment and the statement of intent, Shuford's tort claim is expressly preempted by federal law because it arises from the handling of a claim under a Standard Policy.

### D. The District Court Did Not Abuse Its Discretion When It Denied Shuford's Motion to Alter or Amend the Summary Judgment.

Shuford argues that the district court abused its discretion when it denied her motion under Rule 59(e) to alter or amend the summary judgment because the interpretation by the district court of the Administrator's waiver conflicted with the standard practice in the flood claim adjusting industry. Shuford cites an affidavit of Scott McColl, the claim adjuster, who testified that the industry had interpreted the Administrator's waiver to mean that a proof of loss was no longer required. McColl testified that the adjuster's report was a proof of loss and a policyholder need not file another proof of loss.

We reject Shuford's argument on two grounds. First, the district court correctly

14

declined to consider McColl's affidavit because Shuford failed to submit the affidavit in her opposition to the motion for summary judgment. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays, 122 F.3d at 46. Shuford argues that she could not have obtained the affidavit in time for inclusion in her opposition to the motion for summary judgment because she was not provided sufficient time for discovery, but Shuford's motion for leave to conduct limited discovery did not mention a need to interpret the meaning of the Administrator's waiver. Second, even if the district court had considered the affidavit, the court would not have abused its discretion by denying Shuford's motion to alter or amend the judgment, because the district court applied the plain language of the Administrator's waiver.

## IV. CONCLUSION

The summary judgment in favor of Fidelity and the orders denying Shuford's motion for leave to conduct limited discovery, dismissing Shuford's tort claim on the ground that it was preempted by federal law, and denying Shuford's motion to alter or amend the grant of summary judgment are

**AFFIRMED**.

15