[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 24, 2009
THOMAS K. KAHN
CLERK

No. 08-15780
Non-Argument Calendar

_____

D. C. Docket No. 06-00225-CV-4-MMP-WCS

MITCHELL O. LINEHAN,

Plaintiff-Appellant,

versus

JAMES V. CROSBY,
In his individual capacity,
ALEX LAM, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 24, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mitchell O. Linehan, a Seventh-Day Adventist, appeals pro se from the district court's denial of his motion to alter or amend its judgment, which granted in part, and denied in part, summary judgment on his Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims, pursuant to 42 U.S.C. § 2000cc. On appeal, Linehan argues that the district court abused its discretion by denying his motion to alter or amend the judgment on his RLUIPA claims because it failed to address the time period when the Florida Department of Corrections ("DOC") had provided kosher meals to Jewish inmates, but not to Seventh-Day Adventist inmates. He also contends that the DOC's policy of not providing him with kosher meals during the period when it provided Jewish inmates with kosher meals was not the "least restrictive means in furtherance of a compelling governmental interest." Linehan does not directly argue that the DOC's current policy of not providing kosher meals to inmates is not the least restrictive means in furtherance of a compelling governmental interest, but because Linehan proceeds pro se, we will construe his appeal as including that argument. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508

2

F.3d 1337, 1341 (11th Cir. 2007). The district court construed Linehan's Rule 59(e) motion to alter or amend as a motion for reconsideration. We also review the denial of a motion to reconsider for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

In order to establish a prima facie case under RLUIPA, "a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007); 42 U.S.C. § 2000cc-1(a). If a plaintiff establishes a prima facie case, the burden then shifts to the government to "demonstrate that the challenged government action 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" Smith, 502 F.3d at 1276 (quoting 42 U.S.C. §§ 2000cc-1(a), 2000cc-2(b)). Context matters in the application of the compelling governmental interest standard. Cutter v. Wilkinson, 544 U.S. 709, 723, 125 S. Ct. 2113, 2123, 161 L. Ed.2d 1020 (2005). The standard should be applied with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id.

The district court did not abuse its discretion by denying Linehan's motion

3

to alter or amend its judgment. First, contrary to Linehan's contention, the district court did address the time period when the DOC had a kosher meal program but denied Linehan participation because he was not Jewish. The district court granted Linehan nominal damages for his exclusion from the kosher meal program during that time period. Second, the DOC has a compelling governmental interest in keeping costs down and preventing security risks. The DOC submitted affidavits showing that its current policy of providing vegan and vegetarian meals instead of kosher meals was the least restrictive means of furthering the compelling governmental interests of keeping costs down and preventing security risks. See Baranowski v. Hart, 486 F.3d 112, 125-26 (5th Cir. 2007) (holding that, where kosher meals were not provided to a Jewish inmate, budgetary and security concerns were a compelling governmental interest). Accordingly, upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**