[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15634
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cv-01041-RDP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAND,
129 Persimmon Street, Birmingham,
Alabama and all Buildings and
Appurtenances thereon, et al.,

Defendants,

DONEL HATCHER, et al.,

Claimants,

ODESSA LOWE,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 26, 2012)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Odessa Lowe appeals the district court's denial of motions she filed in relation to a civil consent judgment entered against her in 2009. After review, we affirm.

## I.  BACKGROUND

### A.  Civil Forfeiture Complaint

On May 31, 2006, the United States filed a complaint in rem for civil forfeiture of four parcels of real property, numerous firearms, numerous vehicles, the contents of several safety deposit boxes and bank accounts, and a sum of currency.

These properties and items were implicated in drug trafficking. At one of the houses, police found 380 grams of cocaine, money order receipts for approximately $134,000, and firearms. At a second house, where Lowe allegedly lived, police found marijuana seeds and growing instructions, firearms, $23,313 in

2

cash, money order receipts for approximately $161,000, money orders for approximately $18,400, and several vehicles. In the vehicles, police found large sums of cash and money order receipts for large sums of money.

In the complaint, the government listed as possible claimants Appellant Odessa Lowe, Robert Shelborne, III, and Donel Hatcher. Appellant Lowe owned the parcels of real property identified in the government's complaint. Lowe was the only claimant to appear in response to the complaint.

## B. Settlement Agreement and 2009 Consent Judgment

Nearly three years later, Appellant Lowe and the government settled. In a February 2009 settlement agreement, Lowe, who was represented by appointed counsel, consented to forfeiture of two parcels of real property, the firearms, and the contents of several safety deposit boxes and bank accounts. The government consented to dismiss the forfeiture action as to the remaining two parcels of real property, the vehicles, a portion of the contents of one safety deposit box, and the contents of several of the bank accounts.[1] The settlement agreement purported to resolve all issues in the forfeiture action without the need for further litigation. In addition, Lowe agreed to hold the government harmless from claims, suits, or

---

[1] Lowe and the government also stipulated to dismiss the forfeiture action as to several of the firearms and two sums of currency because that property was already forfeited in a separate criminal case.

3

demands arising from the forfeiture.

In February 2009, Appellant Lowe and the government jointly moved the district court for a consent judgment. On February 5, 2009, the district court entered a consent judgment and final order of forfeiture making the terms of the settlement the order of the court.

## C. Post-Judgment Motions Two Years Later

Over two years later, on May 25, 2011, Lowe filed a "motion for reappointment of counsel." Lowe's one-page motion quoted 18 U.S.C. § 983(b)(2) in full but included no facts or argument.[2] The district court denied Lowe's motion without prejudice on June 1, 2011 because Lowe did not provide any factual basis to show she was entitled to appointment of counsel.

On June 3, 2011, Lowe moved the district court to set aside the February 2009 consent judgment pursuant to Federal Rule of Civil Procedure 60(b). Lowe did not specify which prong of Rule 60(b) served as the basis for her motion. Lowe argued that (1) the forfeiture constituted double jeopardy because she had forfeited $46,500 as part of a criminal case for structuring transactions to evade

---

[2] 18 U.S.C. § 983(b)(2)(A) states:
If a person with standing to contest the forfeiture of property . . . is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court . . . shall insure that the person is represented by an attorney . . . with respect to the claim.

4

reporting requirements; (2) the forfeited property was not subject to forfeiture because Lowe was an "innocent owner" unaware of criminal activity involving her property; and (3) the settlement was void due to mutual mistake of law. See 18 U.S.C. § 983(d). In an attached affidavit, Lowe stated that she did not understand before settling that the government would have to prove its case as to each defendant property.

On June 28, 2011, the district court denied Lowe's Rule 60(b) motion. The district court explained that Lowe's motion was untimely because it was filed nearly two and a half years after the final consent judgment and Lowe failed to provide sufficient reason for the delay. Accordingly, the motion fell outside the one-year time limit for motions under Rule 60(b)(1), (2), or (3), and the motion was not filed within a reasonable time, as required by the remaining prongs of Rule 60(b). See Fed. R. Civ. P. 60(c)(1).

The district court added that Lowe's motion would fail on the merits even if it were timely. The district court explained that the Supreme Court held in United States v. Ursery, 518 U.S. 267, 292, 116 S. Ct. 2135, 2149 (1996), that civil forfeiture did not constitute punishment for purposes of the Double Jeopardy Clause. By consenting to the civil consent judgment and forfeiture, Lowe waived any "innocent owner" defense. Finally, Lowe failed to identify any mutual

5

"mistake" made by the parties to the forfeiture proceeding that would void the settlement agreement.

Nearly four months later, on October 24, 2011, Lowe filed a motion for an excessive-fines determination, pursuant to 18 U.S.C. § 983(g). In this motion, Lowe claimed that the 2009 forfeiture violated the Eighth Amendment Excessive Fines Clause because the forfeiture was in excess of $450,000 but the Sentencing Guidelines penalty for Lowe's currency-transactions-reporting offense was only $5,000.

In an October 27, 2011 order, the district court denied Lowe's motion. The district court construed Lowe's motion as a motion to alter or amend the consent judgment under Rule 59(e) or to obtain relief from the consent judgment under Rule 60(b). The district court stated that, like Lowe's June 3, 2011 motion, this October 24, 2011 motion was untimely under Rule 60 because it was filed two and a half years after the February 2009 consent judgment. The district court further concluded that any motion under Rule 59(e) was also untimely because more than 28 days had passed since entry of the consent judgment. The district court explained that, in any event, Lowe's motion failed to set forth, much less argue, any grounds warranting relief under either Rule 59 or Rule 60.

6

## II. DISCUSSION[3]

As an initial matter, we lack jurisdiction to review any order other than the district court's October 27, 2011 order denying Lowe's motion for an excessive-fines determination. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209, 127 S. Ct. 2360, 2363 (2007) (internal quotation marks omitted). "Absent the filing of a timely notice, this Court does not have jurisdiction over the appeal." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1272 (11th Cir. 2001).

Lowe had 60 days to appeal the district court's June 1, 2011 and June 28, 2011 orders. See Fed. R. App. P. 4(a)(1)(B). But Lowe did not appeal either of these orders until November 16, 2011, well beyond the 60-day window. In her "Motion to Appeal 10/27/11 Denial" filed on November 16, 2011, Lowe purported to appeal the district court's denials of (1) "the reappointment of Counsel Motion," denied on June 1, 2011; (2) the "Rule 60-b Motion," denied on June 28, 2011; and (3) the motion for an excessive fines determination, denied on October 27, 2011. Lowe's appeal was timely only as to the district court's October 27, 2011 order.

---

[3] This Court reviews for abuse of discretion a district court's order under Rules 60(b) or 59(e). Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (Rule 60(b)); Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007) (Rule 59(e)).

7

Accordingly, we lack jurisdiction to review the district court's June 1, 2011 denial of Lowe's motion to reappoint counsel and its June 28, 2011 ruling that Lowe's Rule 60(b) motion was untimely.

Turning to the October 27, 2011 order, we conclude that the district court did not abuse its discretion by denying Lowe's motion for an excessive-fines determination. Lowe's motion argued that the forfeiture she expressly agreed to violated her Eighth Amendment rights. The district court thus correctly construed Lowe's motion as either a Rule 60(b) motion for relief from the consent judgment entered February 5, 2009 or a Rule 59(e) motion to alter or amend that judgment. Lowe filed this motion more than two and a half years after the entry of judgment. Accordingly, Lowe's motion did not meet the timely filing requirements of Rule 59(e). See Fed. R. Civ. P. 59(e) (requiring filing "no later than 28 days after the entry of the judgment"). Likewise, Lowe's motion did not meet the timely filing requirements of Rule 60(b) because it was not filed within "a year after the entry of the judgment or order" or "within a reasonable time." Fed. R. Civ. P. 60(c)(1). For these reasons, the district court did not abuse its discretion by denying Lowe's motion.

**AFFIRMED.**

8