[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11123
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cv-00447-WSD

EDWARD E. JEROME,

Plaintiff-Appellant,

versus

BARCELO CRESTLINE, INC.,
Contact Agent; Dave Durbin,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 8, 2013)

Before DUBINA, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Edward Jerome appeals *pro se* from the district court's grant of summary judgment in favor of Barcelo Crestline, Inc. ("Crestline"), in his employment action alleging discrimination based on race, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2).  On appeal, Jerome argues that the district court erred in granting Crestline summary judgment on his race discrimination and FMLA retaliation claims; that the district court abused its discretion in denying his motions to alter or amend judgment; and that the district court abused its discretion in denying his motion for "permissive intervention."

## I.

Jerome first argues that the district court erred in granting Crestline summary judgment on his race discrimination and FMLA retaliation claims because he filed an objection to Crestline's counsel's "illegal" representation that was never ruled on, and Crestline never properly responded to his requests for admissions, such that all of Crestline's subsequent filings were rendered moot.  He also asserts that Crestline's explanations for its adverse employment actions against him were unsupported by record evidence.

We review *de novo* a district court's grant of summary judgment, drawing all inferences and viewing all evidence in the light most favorable to the non-

2

moving party. *Martin v. Brevard County Pub. Schs.*, 543 F.3d 1261, 1265 (11th Cir. 2008).

Summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact", such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and on which it bears the burden of proof at trial. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Id.* (internal quotation marks omitted). Factual issues must have a real basis in the record to be considered genuine. Mere conclusions and unsupported factual allegations are insufficient to defeat a summary judgment motion. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

In relevant part, Title VII prohibits an employer from discriminating against an individual on the basis of that individual's race. 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of race discrimination under Title VII, an employee must prove (1) that he is a member of a racial minority; (2) that he was subjected to an adverse employment action; (3) that his employer treated similarly situated

3

employees outside his classification more favorably; and (4) that he was qualified for the job. *Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997).

The FMLA affords an eligible employee twelve weeks of unpaid leave in any one-year period because of a serious health condition that renders the employee incapable of performing the functions of his position. 29 U.S.C. § 2612(a)(1)(D). To prove a claim of FMLA retaliation, "an employee must show that his employer intentionally discriminated against him for exercising an FMLA right." *Martin*, 543 F.3d at 1267. Absent direct evidence of retaliatory intent, an employee must establish his *prima facie* case by showing that "(1) he engaged in statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Id.* at 1268.

Once an employee has established his *prima facie* case for either an FMLA retaliation claim or race discrimination claim, the employer must articulate a legitimate, nondiscriminatory reason, for its adverse employment action. *Martin*, 543 F.3d at 1268; *Holifield,* 115 F.3d at 1564. If the employer does so, then the employee must demonstrate that the employer's proffered reason was pretextual. *Martin*, 543 F.3d at 1268; *Holifield,* 115 F.3d at 1565.

Jerome has not shown that the district court erred in granting Crestline summary judgment. Jerome's assertions that the district court never ruled on his objection to Crestline's counsel's "illegal" representation and that Crestline failed

4

to properly respond to his requests for admissions simply find no support in the record.  Jerome's remaining arguments for summary judgment error are also without merit.  In regard to his race discrimination claim, Jerome does not address either his *prima facie* case or the district court's conclusion that he did not show either that Crestline treated similarly situated employees outside his classification more favorably or that he was qualified for his former position.  Although Jerome seems to argue that Crestline's reason for not reinstating him was pretextual, insofar as Jerome did not establish his *prima facie* case, the burden did not shift to Crestline to advance a legitimate, nondiscriminatory reason for its adverse employment action.  *Cf. Holifield,* 115 F.3d at 1564-65.  Furthermore, we conclude from the record that the district court did not err in granting Crestline summary judgment on Jerome's FMLA retaliation claim because Jerome failed to present any evidence showing a causal relationship between his termination and the exercise of his FMLA rights.  *See* 29 U.S.C. § 2615; *Martin*, 543 F.3d at 1268.

## II.

Jerome next argues that the district court abused its discretion in denying his second motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) because he presented evidence that, although Crestline refused to allow him to resume work part-time in his former management position, Crestline offered part-time positions.

5

Additionally, Jerome makes reference to his first Rule 59(e) motion, but he does not offer any substantive argument concerning the motion.

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). Although we read briefs filed by *pro se* litigants liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). The only grounds for granting a motion to alter or amend judgment are new evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

We conclude from the record that Jerome has abandoned any issue on appeal concerning his first Rule 59 motion by failing to offer any argument as to that motion. *See Timson*, 518 F.3d at 874. Additionally, the district court properly denied Jerome's second Rule 59 motion as untimely because it was filed more than two years after the final judgment in his case. *See* Fed.R.Civ.P. 59(e).

III.

Jerome's final argument on appeal is that the district court abused its discretion in denying his motion for "permissive intervention," which we construe

6

as a motion for the district court judge to recuse pursuant to 28 U.S.C. § 455(a). Jerome asserts that district court judge's decisions in his case indicated that the judge was biased against Jerome.

We review for an abuse of discretion a district court judge's refusal to recuse pursuant to § 455(a). *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 384-85 (11th Cir. 1991). The relevant inquiry under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id*. at 385 (internal quotation marks omitted). Generally, absent a showing of pervasive bias and prejudice, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

We conclude that the district court did not abuse its discretion in denying Jerome's motion because Jerome has not shown that a lay observer would have any doubt regarding the judge's impartiality. *See Diversified Numismatics, Inc.*, 949 F.2d at 385. In particular, Jerome has simply cited to the district court's unfavorable rulings in his case, which is insufficient to serve as a basis for a recusal motion. *See McWhorter*, 906 F.2d at 678.

For the aforementioned reasons, we affirm the district court's grant of summary judgment and its order denying Jerome's motion to alter or amend judgment and his motion for permissive intervention.

**AFFIRMED.**