[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11763
Non-Argument Calendar
_____

D.C. Docket Nos. 0:14-cv-60853-DMM; 13-bkc-22403-JKO


In Re: DIMARIA PROPERTIES, LLC,

                                                        Debtor.

_____

DIMARIA PROPERTIES, LLC,

                                                        Plaintiff-Appellant,

                              versus


3400 ATLANTIC, LLC,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2016)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant DiMaria Properties, LLC, ("DiMaria)" appeals from a final order of the District Court for the Southern District of Florida affirming the Bankruptcy Court for the Southern District of Florida's orders denying DiMaria's motion to enforce and denying DiMaria's motion for reconsideration. Upon review of the record and the briefs, we affirm.

DiMaria is the owner and operator of a commercial retail center located in Pompano Beach, Florida. DiMaria's sole valuable asset is real property located in Pompano Beach. Defendant-Appellee 3400 Atlantic, LLC ("3400 Atlantic") became DiMaria's largest creditor when it bought a note and mortgage on the subject property. On May 28, 2013, DiMaria filed for Chapter 11 bankruptcy.

On November 22, 2013, the Bankruptcy Court confirmed DiMaria's First Amended Plan of Reorganization. In relevant part, the Plan provides that DiMaria make payments to 3400 Atlantic on dates certain. As part of the Plan, the Parties agreed that DiMaria would execute a warranty deed and deliver it to an escrow agent. The Plan also calls for DiMaria to pay 3400 Atlantic's reasonable attorney's fees and costs by the "Effective Date."

On December 7, 2013, 3400 Atlantic declared a default. The warranty deed was released from escrow and, on December 9, 2013, 3400 Atlantic recorded it.

2

On January 16, 2014, DiMaria filed an "Emergency Motion to Enforce Order Confirming Debtor's First Amended Plan of Reorganization." The motion to enforce argued in relevant part that 3400 Atlantic "prematurely declared a default in the new loan documents and recorded the warranty deed held in escrow." On January 23, 2014, the Bankruptcy Court denied DiMaria's Motion to Enforce, finding that "the Debtor has defaulted under the terms of the Amended Plan of Reorganization by its failure to make certain payments due on or before the Amended Plan's Effective Date."

On February 6, 2014, DiMaria filed a Motion for Reconsideration of the Court's Order denying DiMaria's Motion to Enforce. DiMaria raised several arguments, including, as relevant here, an argument that no default occurred because the Amended Plan provided a 10-day cure period for the failure to make timely payments and 3400 Atlantic did not wait for the expiration of this period before declaring a default.

On February 24, 2014, the Bankruptcy Court, construing DiMaria's February 6, 2014 Motion as a Motion to Amend pursuant to Fed. R. Bankr. P. 9023, denied the Motion for failure to demonstrate any grounds on which reconsideration may be granted.[1] Specifically, the Bankruptcy Court's Order

---

[1] Fed. R. Bankr. P. 9023 provides in relevant part that "Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

Denying Motion for Reconsideration concluded that DiMaria's arguments in the February 6 Motion were either "entirely new and [therefore] cannot be considered by the Court as a Rule 59 motion" or otherwise not entered in manifest error.[2] DiMaria appealed the Bankruptcy Court's January 23, 2014 Order Denying Motion to Enforce and the February 24, 2014 Order Denying Reconsideration to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 158(a)(1).[3] On March 23, 2015, the District Court issued an order concluding that the Bankruptcy Court did not err in concluding that the arguments raised in the Motion to Reconsider were not properly raised in the Motion to Enforce and affirming the Bankruptcy Court's final judgment.

On timely appeal before this Court, DiMaria argues that (1) the Bankruptcy court erred in enforcing a default because the Amended Plan provided a 10-day cure period for the failure to make timely payments and 3400 Atlantic did not wait for the expiration of this period before declaring a default; (2) the Bankruptcy Court erred in enforcing a default which was declared on December 7, 2013, because the payment was not due until December 9, 2013; and (3) the Bankruptcy

---

[2] To be precise, the Bankruptcy Court characterized DiMaria's arguments in the Emergency Motion to Enforce as "simply ridiculous." Bankr. Dk. 207 at 7.

[3] 28 U.S.C. § 158(a)(1) provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

Court erred in refusing to consider the arguments made in the Motion for Reconsideration because those arguments were properly preserved.

This Court reviews the denial of a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1238 (11th Cir. 2012) (citing Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007)).

The Bankruptcy Court did not commit error in denying the Rule 59(e) motion. Under Rule 59(e), "[t]he only grounds for granting [DiMaria's] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (citing In re Investors Fla. Aggressive Growth Fund, Ltd., 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994). Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir.1990). Denial of a motion to amend is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Id.

Appellant does not dispute that its arguments about default raised before the Bankruptcy Court—the same arguments raised here—were raised for the first time in its February 6, 2014, Motion for Reconsideration. Rather, Appellant argues that its failure to raise the arguments in the first instance should be excused because it

5

was never presented with a "reasonable opportunity to do so." Specifically, Appellant claims that the issue of whether DiMaria was in default was first raised by 3400 Atlantic in its January 20, 2014, Response in Opposition to Plaintiff's Emergency Motion to Enforce and that DiMaria cannot be faulted for its "failure to proactively challenge a default for which nobody had actually moved."

Appellant's argument is wholly without merit. Appellant's Emergency Motion to Enforce expressly asked the Bankruptcy Court to determine that 3400 Atlantic had "prematurely declared a default in the new loan documents." See Bankr. Dk. 168 at 2. In other words, the question presented to the Bankruptcy Court in the Emergency Motion was whether or not DiMaria had defaulted. Appellant's desired relief in the Emergency Motion—"an order requiring the secured creditor to cancel the recorded warranty deed and place it back into escrow, accept the attorney's fees and cost payment and permit the Debtor to continue its business and ownership of the property"—depended on the Bankruptcy Court making such a finding. Bankr. Dk. 168 at 2. Appellant cannot now claim in good faith that it had no opportunity to present its arguments about default before the district court.

The District Court's order is affirmed.

AFFIRMED.

6