[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11990
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-21967-KMW


VENEVISION PRODUCTIONS LLC,
MARIANA MONZON,

Plaintiffs - Appellants,


versus


DIRECTOR, TEXAS SERVICE CENTER, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,
CHIEF, ADMINISTRATIVE APPEALS OFFICE,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
DISTRICT DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, MIAMI DISTRICT,
ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Appellants Venevision Productions, LLC, and Mariana Monzon challenge the district court's grant of summary judgment to the appellees. The appellants seek review of the decision by the Administrative Appeals Office's (AAO) of the United States Citizenship and Immigration Services' (UCIS) to deny a Form I-140 Petition for an Immigrant Alien Worker. The AAO denied the appeal after de novo review of an initial denial by the UCIS. The AAO denied the appeal on two separate grounds—the marriage fraud bar and Venevision's inability to pay the proffered wages to Monzon.

Appellants generally argue that the AAO decision was not only based on an incomplete record but was also arbitrary, capricious and an abuse of discretion. Appellants also argue that the AAO and the UCIS violated their due process rights by violating federal regulations in its disposing of their immigration petitions, specifically in failing to present them with a meaningful opportunity to rebut

2

derogatory evidence, failing to follow set procedures, and in giving conclusive effect to previous determinations. Finally, appellants argue that the record does not support a finding of marriage fraud.

I.

Monzon, a Venezuelan citizen, met Rodolfo Valdes, a U.S. citizen, in late 2004 while she was working for Venevision. The two married on February 8, 2008. On April 26, 2009, Valdes filed a Form I-130 Petition for an Alien Relative on behalf of Monzon, seeking permanent resident status for his new wife. On September 9, 2009, after Monzon and Valdes's interview in connection with the Form I-130 petition, the UCIS issued a Notice of Intent to Deny (NOID) the petition. The NOID identified several discrepancies and determined that the marriage was fraudulent. Monzon and Valdes submitted a timely response to the NOID, but the petition was ultimately denied in October 2009. Monzon and Valdes failed to appeal that denial, and later divorced in 2010.

Two years later, in December 2012, Venevision filed a Form I-140 Petition for an Alien Worker on behalf of Monzon. But in June 2013, UCIS issued a NOID for this petition as well, determining that the marriage fraud bar applies to the petition. Venevision filed a timely response to the NOID, but the Form I-140 petition was formally denied in August 2013. Venevision appealed to the AAO, which denied the appeal based on Monzon's previous marriage fraud, and also

3

because it found that Venevision's inability to pay the proffered wages served as another basis for denial.  This appeal followed.

## II.

We review a district court's grant of summary judgment de novo, applying the same legal standards that bounded the district court.  *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007).   Under the Administrative Appeals Act, the federal statute governing agency appeals, a reviewing court is generally bound by agency adjudications, unless such adjudications are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  *Sierra Club v. Flowers*, 526 F.3d 1353, 1360 (11th Cir. 2008) (internal quotation marks omitted).   "This standard is exceedingly deferential . . . [and the court may not] conduct its own investigation and substitute its own judgment for the administrative agency's decision."  *Id.* (internal quotation marks omitted).   Therefore, the focus of our review here is the record.  *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996).

None of the appellants' claims are availing.  First, the appellants' challenges to the record—illegible handwriting and failure to transcribe the interview nearly word for word—fail as a matter of law.  Appellants cannot point to any law requiring such practices.  Second, the due process claims based on violations of

4

federal regulations and failure to follow internal procedures also lack merit. Failure to follow internal administrative manuals does not establish a cause of action because such manuals do not have the force and effect of law. *See Bright v. Nimmo*, 756 F.2d 1513, 1515–17 (11th Cir. 1985), *Bradley v. Sebelius*, 621 F.3d 1330, 1338–39 (11th Cir. 2010).  Appellants have also failed to state a viable due process claim because there is no liberty interest at stake. *See Scheerer v. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  In further support of their due process claim, the appellants argue that the appellees violated federal regulations 8 C.F.R. § 103.2(b)(16)(i)[1] and 8 C.F.R. § 204.2(a)(1)(ii)[2].  But no such regulations were violated.   Appellants were afforded an opportunity to rebut the derogatory evidence that was presented and the AAO did not give conclusive effect to the previous Form I-130 petition.

Third, appellants' argument that the marriage fraud finding was unsupported by substantial evidence in the record, and was based solely on the prior Form I-130 denial notice also lacks merit.   Appellants were on notice of the finding of marriage fraud and given an opportunity to submit evidence to rebut that finding. The AAO properly reviewed all of the evidence de novo, including the rebuttal evidence.    And the record contains substantial and probative evidence that

[1] An applicant must be advised of "derogatory information" and be given a chance to rebut the information and present evidence on his or her own behalf.

[2] An application of a petition filed on behalf of an individual who has engaged in marriage fraud must be denied when there is "substantial and probative" evidence in the record.

5

marriage fraud existed: several discrepancies in Monzon and Valdes's interview answers, bank statements showing separate accounts, pay stubs showing separate addresses some eight months after Monzon and Valdes were married, and an absence of evidence about the marriage. *See Stone Webster Const., Inc. v. U.S. Dept. of Labor*, 684 F.3d 1127, 1133 (11th Cir. 2012) (explaining that substantial evidence exists when a reasonable person could accept that it supports a conclusion).

But even if the marriage fraud bar did not apply, the AAO's independent basis for denial—Venevision's inability to pay the proffered wages—stands and is also not a violation of due process. The appellants had a chance to dispute the inability to pay the proffered wage and cannot show that they were prejudiced or that the outcome would have been different had AAO notified them that it intended to deny the petition based on the inability to pay.

The AAO's decision to deny the Form I-140 petition based on the marriage fraud bar was appropriate, and not arbitrary or capricious.

**AFFIRMED.**

6