[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10744

_____

CINDY THAYER,

Plaintiff-Appellant,

*versus*

RANDY MARION CHEVROLET BUICK CADILLAC, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00784-GAP-LRH

_____

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

The Graves Amendment, 49 U.S.C. § 30106, shields "[a]n owner of a motor vehicle that rents or leases the vehicle to a person" from vicarious liability "for harm . . . that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease" if two other conditions are met. This case requires us to decide whether a vehicle provided by the service department of an automobile dealership to a customer while that customer's car was being serviced is a vehicle that the service department "rents or leases" to the customer. The district court found that it was. After careful review and with the benefit of oral argument, we affirm.

## I.  BACKGROUND

Randy Marion Chevrolet Buick Cadillac, LLC ("Randy Marion") is an automobile dealership in North Carolina that also operates a service department. When a customer brings a car to Randy Marion for service, Randy Marion allows the customer to use a Randy Marion-owned vehicle while the customer's car is being serviced.

Samuel Pope brought Rebecca Lowthorp's car to Randy Marion for service on September 4, 2015, the day before Pope and

Lowthorp's wedding.[1]    While the car was being serviced by Randy Marion, Randy Marion provided the Popes with a vehicle to use.    The Popes used that vehicle to go to Florida for their honeymoon.  On September 13, 2015, the Popes were driving that vehicle on Interstate-4 in Florida and collided with Cindy Thayer ("Thayer").

Thayer brought this lawsuit against Randy Marion for vicarious liability under Florida's dangerous instrumentality doctrine.  Randy Marion moved for summary judgment on its affirmative defenses, including the Graves Amendment.  The district court granted Randy Marion's motion for summary judgment on the Graves Amendment.

The district court noted that, for the Graves Amendment to apply, a defendant must meet the following four elements: (1) the defendant owned the vehicle; (2) the defendant was "engaged in the trade or business of renting or leasing motor vehicles;" (3) the defendant committed "no negligence or criminal wrongdoing"; and (4) the defendant "rent[ed] or lease[d] the vehicle."  49 U.S.C. § 30106.  Thayer argued to the district court that it was disputed whether Randy Marion owned the vehicle, whether Randy Marion engaged in the trade or business of renting or leasing, and whether Randy Marion rented the vehicle to the Popes. The district court found for Randy Marion on all three issues.

---

[1] From her deposition testimony, Rebecca Lowthorp now goes by Rebecca Pope.  We refer to them collectively as the Popes.

The district court found that Randy Marion presented evidence that it owned the vehicle and that Randy Marion, as an automobile dealership, was engaged in the business of leasing vehicles. The district court found that Thayer failed to provide evidence to create a dispute regarding those issues. Thayer also argued that summary judgment was improper because Randy Marion interchangeably referred to the vehicle as a "rental" and a "loaner," creating a dispute of material fact. The district court found that these labels did not foreclose summary judgment because the substance of the transaction, not the labels Randy Marion applied, mattered.

Finally, the district court found that Randy Marion rented the vehicle to the Popes. Citing dictionary definitions, the district court held that to fall within the Graves Amendment, the Popes' use of the loaner vehicle needed to be supported by consideration. The district court found there was consideration here. The district court found that the Popes brought their own vehicle to Randy Marion for service and agreed to pay therefor. In exchange, the Popes received the loaner vehicle to use. Therefore, the district court concluded that the Graves Amendment protected Randy Marion and granted summary judgment to Randy Marion. This appeal followed.

## II.  DISCUSSION

We review a district court's grant of summary judgment *de novo*, viewing "all facts and reasonable inferences in the light

most favorable to the nonmoving party." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). Thayer only appeals two aspects of the district court's summary judgment order: (1) whether Randy Marion rented or leased the vehicle and (2) whether summary judgment was improper because Randy Marion used conflicting labels for the vehicle.

In pertinent part, the Graves Amendment, enacted in 2005, provides:

> (a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
>> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>>
>> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). We have previously held that the Graves Amendment, when applicable, preempts Florida's dangerous instrumentality doctrine. *See Garcia v. Vanguard Car Rental USA,*

6                    Opinion of the Court                    21-10744

*Inc.*, 540 F.3d 1242, 1249 (11th Cir. 2008).[2]  On appeal, Thayer makes two arguments for why summary judgment should not have been granted to Randy Marion based on the Graves Amendment.  First, she argues that the vehicle provided to the Popes was not rented or leased.  Second, she argues that Randy Marion's interchangeable use of the words "rental" and "loaner" to refer to the vehicle precludes summary judgment.  We address each in turn.

"The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999).  "We interpret words that are not defined in a statute 'with their ordinary and plain meaning because we assume that Congress uses words in a statute as they are commonly understood.'" *United States v. Frank*, 599 F.3d 1221, 1234 (11th Cir. 2010) (quoting *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998)).  Therefore, the important language from the Graves Amendment for us to interpret is "[a]n owner of a motor vehicle that rents or leases the vehicle."  49 U.S.C. § 30106.  We, then, must determine what it means to rent or lease a vehicle.

---

[2] "Florida's dangerous instrumentality doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." *Aurbach v. Gallina*, 753 So. 2d 60, 62 (Fla. 2000) (citing *S. Cotton Oil Co. v. Anderson*, 86 So. 629, 637 (Fla. 1920)).

21-10744             Opinion of the Court                    7

Black's Law Dictionary defines "rent" as "[c]onsideration paid, usu. periodically, for the use or occupancy of property (esp. real property)." *Rent*, Black's Law Dictionary (8th ed. 2004).[3] It also defines "lease" as "[t]o grant possession and use of (land, buildings, rooms, movable property, etc.) to another in return for rent or other consideration." *Lease*, Black's Law Dictionary (8th ed. 2004). From these definitions, it is clear that to rent or lease a vehicle requires an exchange of consideration for the use of the vehicle. And Black's Law Dictionary defines "consideration" as "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promisee; that which motivates a person to do something, esp. to engage in a legal act." *Consideration*, Black's Law Dictionary (8th ed. 2004).

The Popes provided consideration to Randy Marion for the use of the vehicle here. The Popes only received the vehicle because they brought their own car in for service. Randy Marion, then, received the opportunity to service the Popes' car and received payment from the Popes for performing that service. Randy Marion provided evidence that it only provides vehicles if a customer leaves their own vehicle for service. Thus, Randy

---

[3] That edition of Black's Law Dictionary, which was current when the Graves Amendment was enacted and for several years thereafter, does not define "rent" as a verb.

Marion rented or leased the vehicle to the Popes and enjoys the protection of the Graves Amendment.[4]

None of Thayer's arguments in response alter this conclusion. Thayer argues that a rent or lease requires a set, agreed-upon payment of money. But as the definition above shows, consideration is broader than simply the payment of money. And to the extent a rent or lease requires agreed-upon *consideration*, this exchange had that. The Popes agreed to bring their own car to Randy Marion and pay for the repairs in exchange for the use of a vehicle. Thayer also argues that the Popes paid no money specifically for the rental. But Randy Marion suggests it factors the cost of providing such vehicles into its service prices. And even if it does not, the Popes still provided consideration, as noted above. Requiring a customer to pay specifically for the rental car would remove from Graves Amendment protection any car rented through a vacation package where the customer's payment for the package includes an airline ticket, hotel, and rental car. We cannot agree that a rental or lease requires the sort of specific payment Thayer argues it does. Similarly, Thayer also suggests

---

[4] Thayer notes that Randy Marion advertises on its website that it provides vehicles to customers while their car is being serviced. While Thayer argues this undermines Randy Marion's argument the vehicle was rented, this fact reinforces that Randy Marion provides vehicles in exchange for the opportunity to service the customer's car and that the provision of a vehicle may serve as an inducement for the customer. *See Consideration*, Black's Law Dictionary (8th ed. 2004) (defining consideration as including "something . . . which motivates a person to do something").

that a periodic payment is necessary for a rental or lease. But most rental cars are rented for a one-time payment, meaning that fact cannot preclude application of the Graves Amendment.

The facts here can be easily distinguished from fact-patterns that may fall outside the scope of the Graves Amendment. This is not a situation where a car dealership has provided a gratuitous test drive to a potential customer in the hopes that the customer will ultimately purchase the car. Nor is this a situation where the Popes had a loaner agreement with Randy Marion that expressly provided that the loaner was provided free of charge. While we express no opinion on whether the Graves Amendment would apply in such situations, suffice it to say we make no decision in this case with respect to such situations. Similarly, this appeal presents no occasion for a holding with respect to the meaning or scope of the Graves Amendment's trade or business requirement—that "the owner (or an affiliate of the owner) [be] engaged in the trade or business of renting or leasing motor vehicles"—because Thayer has not challenged on appeal the district court's ruling in that regard.

Thayer's second argument—that summary judgment was precluded because Randy Marion referred to the vehicle as a "rental" and a "loaner"—also fails. Whatever label Randy Marion happened to assign to the vehicle here does not control the legal determination of whether the Graves Amendment applies. The substance of the transaction, not the label used, controls. Here, the Popes provided consideration for the use of the vehicle. As a

result, Randy Marion rented or leased the vehicle to the Popes, and the Graves Amendment applies, regardless of any labels used.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to Randy Marion based on the application of the Graves Amendment.

**AFFIRMED.**