[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14126

Non-Argument Calendar

_____

KALIM A.R. MUHAMMAD,

Plaintiff-Appellant,

KARIMA LAKSSIR MUHAMMAD,

Plaintiff,

*versus*

WENDY'S OF BOWLING GREEN, INC.,
Wendy's Restaurant #3474,
COWIN KNOWLES,
Agent for Wendy's of Bowling Green, Inc.,
CIARA DENNIS,
Agent for Wendy's of Bowling Green, Inc.,
ROBERT LEE TRIPP DEMOSS,
Agent of Wendy's of Bowling Green, Inc.,

2                    Opinion of the Court                    23-14126

ATTORNEY GENERAL, STATE OF ALABAMA, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:23-cv-00020-JB-MU

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Kalim Muhammad appeals *pro se* the district court's denial of his post-judgment motion seeking reconsideration of the court's dismissal of his case with prejudice for failure to file an amended complaint as ordered. For the reasons below, we affirm.

**I.**

Muhammad filed in federal district court a *pro se* complaint that, among other things, appeared to allege under 42 U.S.C. § 1983 a conspiracy between a Wendy's restaurant and other defendants to deprive him of his civil rights. The complaint also appeared to seek relief from a state court civil proceeding, and named actors from that proceeding—including a state court judge, defense attorneys, and the State of Alabama—as defendants in his federal case.

The district court granted the defendants' motions seeking a more definite statement. At the motions hearing, the court explained that Muhammad had to submit, in accordance with Rule 8 of the Federal Rules of Civil Procedure, a "short and plain statement" of his claims within thirty days "showing that" he was "entitled to relief." The court instructed him to explain "who are the defendants, what did they do, how were you damaged, and what those different claims are." Muhammad affirmed several times that he understood the court's instructions, which the court memorialized in an order.

But instead of filing an amended complaint, Muhammad filed a 58-page motion that was unresponsive to the court's order for a more definite statement and raised broad assertions of "fraud upon the court." The defendants filed a motion to dismiss, and renewed that motion, on the basis that Muhammad failed to timely file an amended complaint.

On August 15, 2023, the district court dismissed the case with prejudice, reasoning that Muhammad "failed to file an amended Complaint comporting with the most basic pleading requirements" despite "ample opportunity" to do so. It entered a separate final judgment the same day.

On September 14, 2023, Muhammad filed, under Rule 59(e), a motion for reconsideration of the court's August 15 judgment. That motion also appeared to seek relief under Rule 60 in the alternative. Liberally construed, the motion argued, among other things, that the court's dismissal of his case violated his First

Amendment rights, that the court unlawfully ordered him to amend his complaint, and that it erred in failing to consider his original complaint on the merits. The motion also reiterated generalized assertions of the defendants "colluding upon the fraud upon the court."

On November 21, 2023, the court denied his Rule 59(e) motion for reconsideration, because that motion was filed more than 28 days after the court's entry of judgment. The court noted that the motion was "largely unintelligible" and raised "immaterial arguments and issues," and that to the extent the motion was filed under Rule 60(b), the motion was "baseless" and failed to articulate or support any basis for relief under that rule.

Muhammad filed a notice of appeal on December 21, 2023. That notice appeared to challenge the district court's August 15 dismissal order and final judgment and the court's November 21 denial of his motion for reconsideration. We *sua sponte* dismissed his appeal of the court's dismissal order and final judgment because his notice of appeal was untimely as to those documents. So, this appeal concerns only the court's November 21 denial of his motion for reconsideration.

## II.

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). We ordinarily review the denial of a Rule 60 motion for an abuse of discretion too. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

## III.

We affirm the district court's denial of Muhammad's Rule 59(e) motion for reconsideration because he does not address that denial in his appellate briefing. Issues not briefed on appeal, even by *pro se* appellants, are considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). As we have long held, "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Here, even liberally construed, Muhammad's appellate briefing does not address the court's denial of his Rule 59(e) motion. He presents no arguments or authorities to argue that the court misapplied Rule 59(e) in its denial order, or that "newly-discovered evidence or manifest errors of law or fact" warrant a granting of his Rule 59(e) motion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." (citation and quotation marks omitted)). So, he abandoned his challenge of the court's denial of his Rule 59(e) motion. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 681.

Further, to the extent we treat Muhammad's post-judgment motion as one filed under Rule 60(b), the court did not abuse its discretion in denying that motion. Rule 60(b) provides that a party may obtain relief from a final judgment for certain enumerated reasons, such as "mistake," "newly discovered evidence" that could not have been previously discovered with reasonable diligence,

"fraud," "misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3), (6). Muhammad's post-judgment motion broadly alleged district court error and collusion among the defendants to commit "fraud upon the court," but the district court did not abuse its discretion in declining to treat those generalized, unsupported assertions as sufficient to demonstrate fraud or any other basis for relief under Rule 60(b). True, *pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and quotation marks omitted).

**IV.**

We **AFFIRM**.